BUCK v. MANHATTAN RY. CO.

*(Common Pleas of New York City and County, General Term. June 3, 1889.)*

1. CARRIERS—INJURIES TO PASSENGERS—INSTRUCTIONS—HARMLESS ERROR.

In an action by a passenger against a railroad company for personal injury, an instruction that it was defendant's duty "to use the utmost care which a very cautious person would exercise to prevent injury to its passengers while in its vehicles, or upon its premises for the purpose of entering or leaving its vehicles," is harmless error, when it is admitted by defendant that the accident occurred while plaintiff was on defendant's car.

2. SAME—DEGREE OF CARE.

In such an action it is erroneous to recite to the jury a number of precautions which the defendant might have taken, and then instruct them, in effect, that they might determine whether any of such precautions were reasonable, and that if they were the omission to take them would be negligence.

Appeal from trial term.

Action by Carlos C. Buck against the Manhattan Railway Company. Defendant appeals from a judgment entered on a verdict for plaintiff and from an order denying a motion for a new trial. For opinion on former appeal, see 2 N. Y. Supp. 718.

Argued before ALLEN and BOOKSTAVER, JJ.

*Davies & Rapallo,* for appellant. *Charles Meyers,* for respondent.

ALLEN, J. .The action was brought to recover damages for personal injuries, and was first tried in October, 1888, when the complaint was dismissed. The general term afterwards reversed the judgment, dismissing the complaint, and ordered a new trial. The second trial resulted in a verdict in favor of the plaintiff. On the evening of the 29th of January, 1888, plaintiff was a passenger on defendant's elevated railroad on Third avenue, on a train coming down town, intending to leave the train at Sixty-Seventh street, where there was a station. When the train reached this station the guard called out Sixty-Seventh street. Plaintiff left his seat, went to the rear end of the car, and stood in the door-way until the train came to a stop. When it stopped the guard opened the gate. The plaintiff then started towards the platform of the station. He walked from the door of the car to the edge of the car platform, and, just as he was about to step off, three men, who had been standing on the station platform, rushed aboard the train, and pushed him in the left side, and turned him around, so that he lost his balance, and his foot went down between the platform and the car, and fractured his ankle joint. A motion for the dismissal of the complaint was made at the close of the plaintiff's case, which was denied, and an exception taken by defendant's counsel. The defendant offered no evidence, but went to the jury on the plaintiff's case. The exception to the denial of the defendant's motion to dismiss is not discussed, for the reason that the general term has decided that the testimony, which was the same as that given at the former trial, was sufficient to take the case to the jury. Our duty is to examine the case, and determine whether or not any errors of law were committed by the trial judge in the submission of the case on the second trial.

The rule as to the degree of care required from a railroad company, so far as regards its passengers, is that it is bound to use the utmost care and skill which human prudence and foresight suggests, in the construction, running, and management of its road, and in all measures necessary and proper to secure the safety of the train and passengers. The plaintiff in this case being a passenger carried upon the defendant's railroad, the defendant's duty was

to use the utmost care to prevent injury to him while upon its train, whether he was in the body of the car or upon the platform. This duty existed so long as he was upon the car as a passenger. The court charged at the request of the plaintiff as follows: "The defendant being a common carrier, it was its duty to use the utmost care which a very cautious person would exercise to prevent injury to its passengers, either while in its vehicles, or upon its premises for the purpose of entering or leaving its vehicles." To this charge of the court the counsel for the defendant duly excepted. The request, as charged, was too broad, and contained a false proposition of law, that the rule of utmost care was applicable to persons upon the premises of the defendant for the purpose of entering or leaving its cars, for the reason that a less degree of care is required of a railway company as to the approaches to its cars than that required in regard to its road-bed, machinery, construction, and management of its cars. This error would be fatal to the judgment, were it not for the fact that there is no controversy whatever as to the position of the plaintiff when the accident happened. He was upon the defendant's car. This was admitted by the defendant at folio 128 of the case, where he says: "We have not the slightest doubt but that the accident occurred just as has been stated. We waive the proposition of any corroboration as to how the accident happened." As the jury, therefore, could not have been misled by the faulty part of the charge, we do not think it a ground for reversing the judgment.

The plaintiff's counsel asked the court to charge as follows: "You have a right to determine what precautions against injury should have been adopted by the defendant to prevent injury to the plaintiff, and in such consideration whether any of the following would have been proper precautions, under all the circumstances of the case, viz.: (1) A warning from the guard to passengers approaching from the station platform to let passengers off the cars first; (2) a regulation that passengers should leave at one end of the car and enter at the other; (3) if passengers are to be permitted, without warning against it, to enter while others depart, a platform to the car wide enough to allow them to pass abreast; (4) guards at each station whose duty is to restrain passengers from boarding an approaching train until passengers had alighted; (5) an additional guard on each car to keep boarding passengers back until passengers had alighted; (6) some system of signaling so that the guard, instead of having to stand at the center of the platform, might either stand on the edge of the platform, or himself alight and keep the passengers back." This request, as made, was not charged by the judge, but he did charge in reference to it as follows: "All of these are suggestions of possible precautions for the company to take, and the plaintiff's request is that I should say to you that you should take those into consideration. I leave that to you to say whether you think any of those would be reasonable precautions, under the circumstances, to take." To this the defendant's counsel excepted.

The court also charged: "You are to take into consideration the situation of affairs at the time the accident occurred, and the situation of affairs at that station, and all such occurrences as might reasonably be contemplated by the company, or by its officers in charge of the car, and say whether you believe that anything was neglected which in season ought to have been done, which reasonable foresight and care might have prevented. If there was a lack of care to which the accident was owing under the circumstances, and the plaintiff's injury resulted solely from that, and not from his own negligence, he is entitled to a verdict." This was, in effect, saying to the jury that they might determine whether any of these precautions were reasonable precautions for the railroad company to take, and if they determined they were, and if the defendant neglected to take any of them which the jury decided to be reasonable, then the defendant was chargeable with negligence. This part of the charge left it within the discretion of the jury to determine what precautions the

defendant ought to have taken to prevent injury to its passengers on leaving its cars at the stations. That their deliberations were affected by it, and that they supposed that they were at liberty to find that the defendant ought to have taken some of the precautions, and that the omission constituted negligence, appears from the verdict, which contains a recommendation that the railroad company should keep a guard at every station to maintain order. The question to be submitted to the jury was whether, under the actual circumstances of the case, the company exercised the care the law required of it in what they did, and whether the neglect of this care caused the injury to the plaintiff. It was not for them to determine whether the precautions suggested by the plaintiff were or were not reasonable to be taken. In *Weber* v. *Railroad Co.*, 58 N. Y. 451, Judge ALLEN says: "Juries may and must say whether a railroad company sought to be charged for alleged negligence has in the operation of its trains, the use of the road tracks, and the conduct of its business used that degree of care and prudence which the circumstances and its obligation to others required, but beyond this they cannot go. Negligence cannot be predicated of omissions to do something outside of and beyond this." The parts of the charge which were excepted to seem to be in violation of the rule laid down in *Grippen* v. *Railroad Co.*, 40 N. Y. 34; *Weber* v. *Railroad Co.*, 58 N. Y. 451; *Dyer* v. *Railroad Co.*, 71 N. Y. 228; *Beisiegel* v. *Railroad Co.*, 40 N. Y. 9; *Houghkirk* v. *Canal Co.*, 92 N. Y. 219; *Semel* v. *Railroad Co.*, 9 Daly, 321.

While it is undoubtedly the rule that proof of the omission to adopt any particular act of precaution may be given to and considered by the jury upon the question of the defendant's negligence, (*McGrath* v. *Railroad Co.*, 63 N. Y. 522,) yet it is error to leave it to the jury to determine whether, under the circumstances, some particular precaution was reasonable and necessary, and whether the omission of that precaution was negligence. In *Beisiegel* v. *Railroad Co.*, *supra*, where the court charged the jury that they might consider whether the defendant was not bound, in the exercise of proper care, to keep a flag-man at a particular point, and if they thought it an omission of precaution which the defendant was called upon to take it was negligence to omit it, Judge JAMES says: "This was calculated to withdraw the attention of the jury from the real question, (the negligence of the defendant in respect to the particular transaction, under all the facts and circumstances attending it,) and placing it upon a particular act, and the duty of the company to do that particular act. Whether there is negligence depends upon the degree of care required and given in each particular case, irrespective of any particular mode. Whether the care was by a flag-man, by gates, or by any other equivalent mode, is of no importance. If it were established as law that the omission of any particular act, which * * * a jury might think required by the public safety, was negligence, a railroad would never know when it was safe from that imputation; for no matter how carefully it observed the requirements of the statute, or conducted itself in other respects, if it omitted any one act which the caprice or sympathy or prejudice of a jury might think required for the public safety, the omission would constitute negligence, and subject it to all the consequences." The exception to this part of the charge, therefore, appears to be well taken, and the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.