## MORSEMANN *v.* MANHATTAN RY. CO.

*(Common Pleas of New York City and County, General Term.* June 2, 1890.)

1. NEGLIGENCE—WHAT CONSTITUTES—ELEVATED RAILWAY.

> The falling from an elevated railway structure of a crow-bar which was in use by an employe repairing the track, whereby a person in the street below was injured, raises a presumption of negligence, which is not overcome by proof that the crow-bar was dropped through the employe's efforts to save himself from falling.

2. SAME—INSTRUCTIONS—PROVINCE OF JURY.

> In an action against an elevated railroad company for injuries to a person in the street below by the falling of an iron bar from defendant's track while undergoing repairs, a charge that the "ordinary care with which the railroad is chargeable requires it * * * to use reasonable and ordinary care in selecting such appliances as are in practical use and of easy application. * * * You must say whether the railroad company has used ordinary and reasonable care in performing this work upon its tracks. * * * Has it neglected the precautions which reasonable and prudent people would have taken to prevent an accident similar to the one upon which you have to pass?"—is not objectionable as inviting the jury to make affirmative suggestions as to possible safeguards which might have been supplied.

3. DAMAGES—PERSONAL INJURIES—PHYSICIANS' BILLS.

> In an action for personal injuries, the amount of physicians' bills which plaintiff has paid on account of the injuries is admissible without proof of the value of the physicians' services.

Appeal from trial term.

An action by David Morsemann against the Manhattan Railway Company for personal injuries caused by the alleged negligence of defendant.    There was a verdict for plaintiff for $500.    From the judgment entered thereon defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Davies & Rapallo, (Howard Townsend* and *Alexander S. Lyman,* of counsel,) for appellant.    *William O. Campbell,* for respondent.

LARREMORE, C. J. The plaintiff, while driving under defendant's elevated railway structure in Third avenue on the 14th day of November, 1888, was injured by a crow-bar falling from such structure, which was in use by an employe making repairs to the track. The facts of the injury and its cause are undisputed, and no contributory negligence is alleged. The trial judge correctly held that a *prima facie* case of negligence was made out, (see *Maher* v. *Railway Co.*, 6 N. Y. Supp. 309,) and properly ruled that the fact that the crow-bar was dropped through the employe's effort to save himself from falling did not overcome the presumption of negligence. This latter question is necessarily bound up and a part of the general inquiry whether suitable precautions were taken for the safe conduct of the work in its entirety.

The learned counsel for appellant contend that the judge erred in his charge in the too great latitude it gave the jury to determine whether proper precautions had been taken. They argue that the jury were invited to make affirmative suggestions as to possible safeguards which might have been supplied. But, while the instructions were general in their terms, they were sufficiently limited by the context. The judge said: "Now, this ordinary care with which the railroad is chargeable requires it to be careful, not only in the running of its trains, but also in employing competent servants to do work upon its railroad, and to use reasonable and ordinary care in selecting such appliances as are in practical use and of easy application. * * * You must say whether the railroad company has used ordinary and reasonable care in performing this work upon its tracks. * * * Has it neglected the precautions which reasonable and prudent people would have taken to prevent an accident similar to the one upon which you have to pass?" If the charge was at all amenable to the criticism suggested by *Cumming* v. *Railroad Co.*, 104 N. Y. 669, 10 N. E. Rep. 855, all error was cured in the same manner that it was in that case. It appeared from the cross-examination of one of defendant's witnesses that, if the workman had adopted the very simple expedient of laying boards, which were handy for their use, between the tracks, while this work was going on, the accident would not have happened. As to this and other suggested precautions, it was not the province of the judge to ask the jury to say whether this or that omission in itself constituted negligence, but to instruct them, as he did, to determine from all the evidence, and under the circumstances disclosed, whether defendant had been negligent. *Buck* v. *Railway Co.*, 6 N. Y. Supp. 524.

Nor do we think it was error to admit evidence of the amount of the physicians' bills which plaintiff had paid, without proof of the value of the services. This is part of the expense to which he has been put by reason of the accident. In *Gumb* v. *Railway Co.*, 114 N. Y. 411, 21 N. E. Rep. 993, the plaintiff gave evidence of a physician's charge, but without giving evidence of payment or of value, and it was held error. The present case is different because plaintiff has paid the doctors' bills. If a bill has not been paid, perhaps it would be well to insist on some proof of value to repel the suspicion of a collusive charge of a speculative fee. When the bill has actually been paid there is little ground for such suspicion, and plaintiff would always be open to cross-examination as to a fictitious payment. No error appearing, the judgment should be affirmed, with costs.