# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1890, IN THE SEVENTY-
FIFTH YEAR OF THE STATE.

---

No. 14,685.

BROSNAN ET AL. *v.* SWEETSER.

NEGLIGENCE.—*Personal Injury.*—*Fall Through Trap-Door in Store-Room.*—
In an action by the plaintiff against the defendants for damages result-
ing from injuries sustained by the plaintiff in falling through a trap-
door in the store-room of the defendant, it appeared that on the occa-
sion of the injury the plaintiff, a lady about fifty years old, and a
stranger at the store, on her way to the rear of the store-room where the
article she desired to purchase was kept, passed over a trap-door in
front of the counter, used for entering the cellar, not noticing it; de-
siring a different grade of the article from that shown her she was
directed toward the front; while she was looking at the first article the
trap-door was opened for an employee to enter the cellar, and, as the
custom was, the door was left open until he returned and another em-
ployee kept guard; the plaintiff started to go as directed, and not see-
ing the trap door or having any knowledge of its existence, fell through
it and was injured. There was evidence that the plaintiff's eyesight
was ordinarily good, and that her hearing was only slightly defective.
As to the character of the warning given, whether sufficient or not, the
evidence was conflicting.

Brosnan *et al. v.* Sweetser.

*Held,* that the questions whether the plaintiff was guilty of contributory negligence, or whether the warning was sufficient, are for the jury, and that a verdict for the plaintiff will not be disturbed.

SAME.—*Evidence.*—Where one of the defendants testified as to the necessity of maintaining the trap-door at the place where it was located and the impracticability of placing any railing around it or otherwise guarding customers against danger, except by having an employee to watch it when open, it was not error for the court to permit plaintiff's counsel, on cross-examination, to ask the defendant whether the trap-door could not have been placed back of the counter, and if it would not have been less dangerous at such point.

SAME.—*Damages.*—*Value of Nurse's Services.*—*Evidence.*—In an action for damages for personal injuries the reasonable value of properly nursing and caring for the injured person is an element of damages. The testimony of the physician of the plaintiff as to the value of the services of the nurse who treated her during her illness caused by the injury, is competent, although the services were rendered gratuitously.

From the Marion Superior Court.

*H. N. Spaan,* for appellants.

*J. Coburn* and *R. Hill,* for appellee.

OLDS, C. J.—This is an action by the appellee against the appellants for damages resulting from injuries sustained by the appellee in falling through a trap-door in the store-room of appellants.

The questions presented and discussed arise upon the motion for a new trial, which was overruled by the judge trying the cause, and exceptions reserved, and the judgment was affirmed at general term.

The appellants were engaged, at the time of the injury, in conducting a retail dry goods business, in a store-room on Illinois street, in the city of Indianapolis; in the store-room, in the passage-way in front of the counter, in that portion of the room used by customers, there was a trap-door, used for entering the cellar, in which appellants had goods stored. It was the custom upon a person entering the cellar through the door to leave the door open until the person came out, and during the time it remained open another employee stood guard at the door to warn persons of the danger. On

the occasion of the injury the appellee, a maiden lady about fifty-two years old, a resident of the city, but a stranger at the store, desiring to purchase some calico, entered the store and was directed toward the rear of the store-room where the calico was kept; she passed over the trap-door, not noticing it, and looked at the calico, and desiring a different grade from that exhibited to her, she was directed to some other calico at another point in the store toward the front, being in the direction from which she came on entering the store-room; after she had passed over the trap-door, and while looking at the first calico exhibited to her, a lady clerk in the store directed a cash-boy to go into the cellar after some article, and he did so, opening the trap-door and leaving it open until he returned, and the young lady kept guard at the door; while the trap-door was open the appellee started to go, as directed, to look at some other calico, and in doing so, not seeing the trap-door, or having any knowledge of its existence, she fell through it and received serious injuries.

It is contended by counsel for appellants that there is no dispute as to the material facts; that the uncontroverted facts show that the young lady on guard at the trap-door was vigilant and did all she could to warn and prevent the appellee from falling into the trap; that the lady on guard was of full age and a competent person to be intrusted with such a duty, and she called to appellee at a time and in sufficiently loud tones to have been heard by a person of ordinary hearing, and that she also motioned to the appellee in such a manner that her admonitions in that way might have been seen by a person of ordinary eyesight, and if heeded appellee would have avoided danger, and would not have been injured, and it is insisted that the injury occurred through no fault of the appellants or their employees, but by reason of the defective hearing and eyesight of the appellee, by reason of which she failed to hear or see the warnings given her, and of which defective hearing neither appellants nor

their employee, who was on guard, had any knowledge; and upon these grounds it is urged that the verdict is not supported by the evidence, and is contrary to law.

It is immaterial to consider at this point whether the conclusion of counsel for appellants is correct if the facts were as contended by him, for the reason that we can not agree with counsel that the facts contended for by him are undisputed. The store was a place where all were invited to come, whether old or young, whether possessed of full vigor and perfect faculties or aged and defective in some of their faculties, all alike were welcomed to the store, so that in caring for the safety of customers appellants were required to take into account the fact that some were young while others were old, some having good eyesight and others not, and it was their duty to guard against injury to those with failing faculties as well as those with ordinary faculties—indeed, if any difference, they were required to exercise a higher degree of caution to protect those who were not so well able to care for themselves.

There was evidence in this case tending to prove, and from which the jury may have found, that the appellee had at least average if not unusually good eyesight for a person of her age, then about fifty-two years; that she did sewing, examined goods, could tell the figure; that she did such things as persons generally do without the aid of spectacles; that she was able to see everything about the store; that she was a little near-sighted, but able to see persons and things across the street. The jury may well have come to the conclusion from the evidence that she had fairly good eyesight, and but little defect in her hearing. There was also evidence tending to prove that the young lady on guard was sitting on a stool some two or three feet on the opposite side of the trap-door, and gave no warning until too late for the appellee to avoid danger, just as she was falling. The appellee had just passed over the door in passing to the

rear end of the store-room, had no knowledge of its existence and no reason to suspect danger.

The facts being controverted, it was for the jury to pass upon them, and having done so, and there being evidence to support their conclusion, this court will not disturb the verdict.

Counsel next contend that certain interrogatories are not. properly answered, but no question is presented by the record as to the sufficiency of such answers.

It is contended by counsel for appellants that the court erred in refusing to give certain instructions requested on behalf of appellants.

We do not deem it necessary to set out the instructions given and refused. We have carefully examined all of them, and there is no error in the refusal of the court to give the instructions requested. The instructions given fully covered the case, and stated the law correctly, and, in so far as the instructions refused stated the law applicable to the case, they were fully covered by those given. The court gave to the jury instructions fully and fairly stating the law of the case.

The appellants were keeping a general store, known as a dry goods store, to which all of the public were alike invited. While they had the right to maintain a trap door into the cellar underneath, used for the storage of goods, if they did so in that portion of the room occupied and used by the public in passing into or in going to the rear of the store, or in purchasing goods, it was the duty of the appellants to use such caution in guarding it and preventing their customers from injuries, as the exigency of the occasion required, taking into consideration the location of the trapdoor, and the fact that children and aged and infirm persons, and those of defective hearing and eyesight, as well as those of mature manhood and womanhood, in full possession of their faculties, would visit the store. And if such trap-door was not protected by a proper railing, and was in that portion constantly used by the public, and the manner of guarding

it was by stationing a clerk or employee of the store to watch it when open, in such case it was the duty of such guard to vigilantly watch and give warning to persons approaching, and if apparent that such person, when spoken to or motioned to, did not hear or see the warning given, then it was the duty of the guard to give such other warning as could be reasonably given under the circumstances to prevent harm coming to the customer. The trap-door was in that portion of the floor constantly occupied by customers, and when open must, in the very nature of things, have been a dangerous pitfall, into which customers were constantly in danger of falling, and it imposed the duty upon the appellants to use vigilance in proportion to the danger in guarding their customers against injury.

It is a well settled rule that the reasonable care which persons are bound to take in order to avoid injury to others is proportionate to the probability of injury that may arise to others. And where a person does what is more than ordinarily dangerous, he is bound to use more than ordinary care. Thompson Neg., p. 238 ; *Morgan* v. *Cox,* 22 Mo. 373 ; Wharton Neg. (2d ed.), sections 824 to 830 ; *Elliott* v. *Pray,* 10 Allen, 378.

In this case the appellee was a stranger in the store, and but a moment before passed over this trap-door in safety, and without any knowledge of its existence ; she had a right to rely upon the floors being in good, safe condition ; she had no reason to suspect danger ; she was not called upon to be anticipating danger, and to be looking and listening for danger signals, though it was her duty to make proper use of her faculties to guard against and avoid danger. The warning should have been such as would, under such circumstances, be reasonably calculated to attract the person's attention and warn him of the danger. When a person puts a dangerous pitfall at a place where he invites people to come, he is under stronger obligations to guard it, and more vigilance is required in the guarding of it than if it was placed at some

point where the public are not invited to come, and are less liable to visit; and the negligence of the employee on guard is the negligence of the master. The master is liable if injury results from the negligence of the servant placed on guard.

It is next urged that the court erred in permitting appellee's counsel to ask one of the appellants, when testifying as a witness on cross-examination, whether the trap-door could not have been placed somewhere else, and whether it could not have been placed back of the counter, and if it would not have been less dangerous at such point.

It was contended on the trial by appellants that there was a necessity for maintaining the trap-door at the place where it was located for the convenience of the business, and that they had the right to maintain it at such place, and counsel inquired of the witness, in the examination in chief, all about its location, the arrangement and use of the door, the necessity for it, and sought to show by the witness that it would be impracticable to place any railing around it, or otherwise guard customers against danger except as was their custom of having an employee watch it when open.

There was no available error in permitting the cross-examining questions to be asked and answered.

Lastly, it is contended that the court erred in permitting Drs. Garver and Hodges to testify as to the value of the services of the nurse who took care of the appellee while disabled by reason of the injury. They were regular practicing physicians and surgeons, with a number of years of experience, and both attended the appellee and treated her during her illness on account of the injuries received. As regards the testimony of Dr. Hodges there is no proper objection stated to the questions eliciting this testimony, and hence no question is presented.

In the brief of counsel no reference is made to either the page of the record or the question propounded to the witness and answered which it is contended elicited such im-

proper testimony, and we are not called upon to search the whole record to see if we can find any evidence in the nature of that complained of in the brief of counsel. If counsel desire objections to particular evidence considered, it is their duty to refer in their brief to the particular part of the record where the question is presented, but we have examined the record, and we find that on Dr. Hodges being asked as to the value of the services of nurses, counsel for appellants said:

" I object to this question for the same reasons I stated in my objection to this testimony before."

This is the first question of the character propounded to the witness, Hodges; as to where and when any objection was made to such testimony does not appear, and no question is presented by the objection interposed.

Dr. Garver was the regular attending physician and surgeon of the appellee, and treated her for the injuries, and had full knowledge of the nursing required and performed by the brother and sister of appellee during her affliction, and had knowledge of the value of such services. No objection is in fact made to the question asking this witness to state the value of such services. Upon the question being asked, counsel for appellee states what he understands to be the rule as to services rendered by one member of a family to another, and it is treated as an objection, overruled, and exceptions noted.

Our attention is not called to any evidence showing such a state of facts as would even preclude the nurses in this case from recovering the value of their services from the appellee; but if such facts did exist, and the question was properly presented, the evidence was competent.

One element of damage is the reasonable value of properly nursing and caring for the injured person. If this be done by some good friend or member of the family, who donated his services, that is the good fortune of the appellee, and a matter with which the persons liable have no con-

cern. If she had paid ten times the true value of such services she could only have recovered what such services were reasonably worth. Her contract or liability has nothing to do with the liability of the appellants. If they are liable for damages on account of the injuries, they are liable for the reasonable value of the necessary services of a nurse, the same as the services of a physician or surgeon. *Pennsylvania Co.* v. *Marion,* 104 Ind. 239; *Summers* v. *Tarney,* 123 Ind. 560.

There is no error in the record.

Judgment affirmed, with costs.

Filed Jan. 27, 1891.