## CITY OF BEDFORD *v.* WOODY.

[No. 2,923.   Filed November 29, 1899.]

EVIDENCE.—*Medical Services.—Action by Husband for Personal Injury of Wife.*—In the trial of an action for damages on account of personal injuries to plaintiff's wife, the court erred in admitting the testimony of a physician as to the amount of his bill for treating her for such injury, without showing the reasonable value of such services.

From the Lawrence Circuit Court.   *Reversed.*

City of Bedford *v.* Woody.

*T. J. Brooks* and *W. F. Brooks*, for appellant.

*J. E. Boruff, J. H. Underwood, C. C. Matson* and *J. Giles*, for appellee.

BLACK, J.—The appellee sued to recover damages for losses suffered by him through a personal injury to his wife caused by her falling upon a defective sidewalk. A demurrer to the complaint for want of sufficient facts was overruled. It is suggested in argument, that though the complaint contains an averment that the person injured was without fault, yet the facts stated show her negligence, it being claimed in argument on behalf of the appellant that the complaint shows the sidewalk to have been so defective that the appellee's wife must be regarded as having knowledge of the danger, and the use thereof by her must be held to have been negligence on her part.

The complaint showed that the sidewalk, made of boards laid upon wooden stringers and nailed thereto, was in a very bad condition, the defects (such as might result from decay and want of repair) being particularly stated; and it is alleged that the appellee's wife was walking upon the sidewalk, without any fault on her part, "and without any knowledge of the dangerous, deadly, worn, unsafe, unnailed, rotten, unstable, and rickety condition of said walk and stringers, and while using all precautions and care, and doing everything possible to learn and know the condition of said walk, and while looking and examining the same with her eyes, one or more of the boards of the walk suddenly, and without any intimation or warning, gave way and went down at one end, making à hole in said walk into which her foot and leg went down, and at the same time the other ends of said boards went up striking and catching her," etc. After relating her injuries, it was averred that they were caused by the carelessness and negligence of the appellant, and without any fault or knowledge on her part.

It seems sufficiently evident from this recital that the objection urged against the complaint can not be sustained.

On the trial by jury of the issue formed by a denial of the complaint, a physician who rendered service as such in the treatment of the appellee's wife for the injury involved in the action, while testifying as a witness for the appellee, was asked on his behalf by his attorney how many visits the witness made to see the appellee's wife and the value of those visits.   To this question counsel for the appellant objected, stating a number of alleged reasons for the objection. Without ruling upon the objection, the court asked the witness the following question: "If the doctor is able to state the amount of the indebtedness of Charley Woody to him on account of medical service and attention rendered his wife prior to the time of the commencement of this suit, he may so state; you may state from your own recollection, if you can.". The appellant interposed an objection to this question propounded by the court, stating a number of assumed grounds of objection, among them, "that it is not a proper measure of value of services, nor the proper method of proving the value of services, and because the value of services has not been proved." This objection having been overruled, the witness answered, "One hundred and sixty-five dollars and seventy cents."

If the appellee was entitled to recover, one element of his damages would be the necessary and reasonable expenses incurred by him for medical treatment of his wife for the injury suffered by her through the appellant's wrong.   The question is presented as to whether the method of proof adopted by the trial court was allowable.   It appeared in evidence that the appellee had paid this physician on account of these services the sum of $9, and that the remainder of his bill was unpaid.   The reasonable value of his services was not shown by the other evidence.   In such a case, if the physician's bill has not been paid, the plaintiff can recover therefor only upon evidence of the reasonable value of the physician's services.   *Gulf, etc., R. Co.* v. *Campbell,* 76 Texas 174, 41 Am. & Eng. R. Cas. 100; *McNaier* v. *Manhattan*

.R. Co., 22 N. Y. St. 840, 4 N. Y. Supp. 310, affirmed by the Court of Appeals in 123 N. Y. 664, 26 N. E. 750.

In Gulf, etc., R. Co. v. Harriett, 80 Texas 73, 15 S. W. 556, it was held that the medical bills in themselves were not evidence, but there was no error in admitting them, the plaintiff being required to prove the facts and to show that they were reasonable by other testimony.

In Morsemann v. Manhattan R. Co., 10 N. Y. Supp. 105, an action for personal injuries, it was held not error to admit evidence of the amount of the physicians' bills which the plaintiff had paid, without proof of the value of the services; and the case was distinguished from Gumb v. Street R. Co., 114 N. Y. 411, 21 N. E. 993, 43 Am. & Eng. R. Cas., 315, where it was held error to receive evidence of the physician's charge without evidence of payment or of value, other than the remark of the physician, who testified, "Seventy-five dollars is the amount of my bill now; that is very small too." So, in Colwell v. Manhattan R. Co., 10 N. Y. Supp. 636, where the evidence showed that the plaintiff had employed a nurse to whom the plaintiff paid a certain sum, it was said that the price actually paid for the service might be considered as some evidence of value of the work performed, and constituted competent proof sufficient to warrant the jury in considering the item in the assessment of damages.

In City of Indianapolis v. Gaston, 58 Ind. 224, a case like the one at bar, it was said that whenever it is proper in such a case to prove the services of a physician or surgeon, the fair value of such services is the legal scale.

In Summers v. Tarney, 123 Ind. 560, it was said that the presumption must be, until the contrary appears, that the amount paid out for surgical treatment was a reasonable and proper amount, that the question is as to the value of the services to the plaintiff, with the distinction that if the surgeon donates the services the real value is the measure, but if not, then it is what the plaintiff necessarily becomes liable to pay.

In *Brosnan* v. *Sweetzer*, 127 Ind. 1, an action for personal injury, it was held that "one element of damages is the reasonable value of properly nursing and caring for the injured person;" and it was said that the plaintiff's contract or liability had nothing to do with the liability of the defendants; that if they were liable for damages on account of the injuries, they were liable "for the reasonable value of the necessary services of a nurse, the same as the services of a physician or surgeon." See, also, *Pennsylvania Co* v. *Marion*, 104 Ind. 239.

The judgment is reversed, and the cause is remanded for a new trial.