Myron HERRICK,

v.

David Knight SAYLER, Administrator De Bonis Non with the Will Annexed, of the Estate of Helen Knight Sayler, deceased.

Doris HERRICK

v.

David Knight SAYLER, Administrator De Bonis Non with the Will Annexed, of the Estate of Helen Knight Sayler, deceased.

Civ. Nos. 911, 913.

United States District Court
N. D. Indiana,
Fort Wayne Division.
March 19, 1958.

Wickens & Wickens, Greensburg, Ind., and Kennerk & Dumas, Fort Wayne, Ind., for plaintiffs.

Lee M. Bowers, Huntington, Ind., for defendant.

SWYGERT, Chief Judge.

The legal question presented for determination at pre-trial is whether medical care and hospitalization furnished gratuitously by the United States Government to the plaintiffs, Myron Thomas Herrick and his wife Doris, while the former was a member of the armed forces of the United States, can constitute a part of plaintiffs' measure of damage in the trial of these cases. If the question be answered in the affirmative, the amount in controversy, exclusive of interest and costs, will exceed $3,000 and the court will have jurisdiction of these cases. If the question be answered in the negative, then the court lacks the requisite amount to sustain diversity jurisdiction.

■ The question involves the interpretation of an Indiana Statute, Burns' Rev.Stat. § 2–403 (1946 Repl.). The section in pertinent part reads:

"All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to such action, by or against the representative of the deceased party. * * * In any action for personal injuries * * * surviving because of this section, the damages, if any recovered, shall not exceed the reasonable medical, hospital * * * expenses *incurred*, and a sum not to exceed one thousand dollars [$1,000] for any and all other loss, if sustained." (Emphasis added.)

Precisely, the question is whether the words "expenses incurred" excludes the reasonable value of the medical and hospital services furnished by the Government as part of plaintiffs' recovery, if it is determined that the deceased's negligence was the proximate cause of the accident. The courts of the State of Indiana have not passed upon the interpretation to be given the questioned phrase. Although Indiana law must control the decision in a diversity case, where the highest court of the state has not passed upon a question, the federal

court must find the state law as best it can from other sources. Pierce v. Ford Motor Co., 4 Cir., 1951, 190 F.2d 910.

■ The general rule governing the receipt of benefits from collateral sources is stated in Standard Oil Co. of Cal. v. U. S., 9 Cir., 1948, 153 F.2d 958, 963, as follows:

> "In the United States the prevailing rule seems to be that an injured person may recover for wages lost and medical expenses incurred during his incapacity even though such amounts were supplied by insurance, a contract of employment, or gratuitously."

In Hudson v. Lazarus, 1954, 95 U.S. App.D.C. 16, 217 F.2d 344, the plaintiff's decedent received personal injuries in an automobile collision. The court of appeals held that reasonably necessary medical and hospital expenses furnished the decedent gratuitously by the Navy came within the "collateral source" doctrine and should be included as part of the recoverable damages.

This rule has been followed in Indiana. Mullins v. Bolinger, 1944, 115 Ind.App. 167, 55 N.E.2d 381, 382, 56 N.E.2d 496. In that case a city fireman received an injury while riding a fire truck answering a fire alarm. The city paid the fireman's medical expenses. The defendant contended that, since the city was under a statutory duty to pay the expenses necessary for medical and hospital care of fireman injured in performance of duty, the city was primarily liable and the fireman could not recover for such expenses. The court rejected the contention, by saying:

> "We believe the rule is well established that any sum a person receives by way of insurance, gratuity of others, or any amount paid by the city under the above statutes, cannot be shown in mitigation of damages. Where the wrongdoer is liable for damages, he is liable for all the damages and it is no concern of such wrongdoer who ultimately gets the money. The only question of concern to him is that he is fully protected when discharged."

■ Having determined that the "collateral source" doctrine is an established rule of the law of damages in Indiana, it is incumbent to decide if § 2–403, Burns' Rev.Stat., was intended to be a limitation upon the common law rule of damages as applied in Indiana. In so far as the statute restricts recovery to the sum of $1,000 "for any and all other loss, if sustained" it definitely limits the amount (though not the law applicable thereto) of recovery for general damages. However, a thorough study of the early Indiana cases establishing and applying the "collateral source" doctrine leads me to conclude that the statute in question, construed in the light of the common law existing at the time of its passage, should not be interpreted as excluding from the term "expenses incurred" the collateral source doctrine.

Sherlock v. Alling, Adm'r, 1873, 44 Ind. 184, affirmed, 1876, 93 U.S. 99, 23 L.Ed. 819 (proceeds of decedent's life insurance policy does not mitigate damages); City of Indianapolis v. Gaston, 1877, 58 Ind. 224 (gratuitous physician's services); Ohio & Mississippi R. W. Co. v. Dickerson, 1877, 59 Ind. 317 (salary paid injured plaintiff by his employer during period of incapacitation does not mitigate damages); Cunningham v. Evansville & T. H. R. Co., 1885, 102 Ind. 478, 1 N.E. 800 (proceeds of fire insurance policy does not mitigate property damage); Pennsylvania Co. v. Marion, 1885, 104 Ind. 239, 3 N.E. 874 (gratuitous physician's and nursing services); Summers v. Tarney, 1890, 123 Ind. 560, 24 N.E. 678 (dicta on collateral source doctrine); Brosman v. Sweetser, 1891, 127 Ind. 1, 26 N.E. 555 (gratuitous nursing services); Lake Erie & W. R. Co. v. Griffin, 1893, 8 Ind.App. 47, 35 N.E. 396 (proceeds of fire insurance policy does not mitigate property dam-

ages); City of Bedford v. Woody, 1899, 23 Ind.App. 401, 55 N.E. 499 (dicta on collateral source doctrine); Citizens' Gas & Oil Min. Co. v. Whipple, 1904, 32 Ind.App. 203, 69 N.E. 557 (subscriptions taken by plaintiff does not mitigate property damage); Indianapolis & E. Ry. Co. v. Bennett, 1906, Ind.App. 141, 79 N.E. 389 (gratuitous nursing services); Indianapolis & M. Rapid Transit Co. v. Reeder, 1912, 51 Ind.App. 533, 100 N.E. 101 (gratuitous nursing services). Cf. 128 A.L.R. 686 (Annotation: "Damages in action for personal injuries or death as including value of care and nursing necessitated by the injury, rendered by one spouse to another or by a third person gratuitously or as a result of hospitalization insurance previously carried"); 18 A.L.R. 678: 95 A.L.R. 575 (Annotation: "Compensation from other source as precluding or reducing recovery against one responsible for personal injuries or death.") Hale on Damages (2d Ed. by Cooley), § 44.

In Indiana, the law governing an injured plaintiff's right to recover for medical care and hospitalization is stated as follows:

"* * * any *reasonable expense incurred,* necessarily, in [plaintiff's] treatment of [his] injuries, if any, including the reasonable charges of physicians, hospital bills, nursing care and attention; all as shown by the evidence, and not otherwise." Kenwood Tire Co. v. Speckman, 1931, 92 Ind.App. 419, 176 N.E. 29, 31. (Emphasis added.)

The measure of damages for medical services is not, therefore, the actual expenses incurred, nor is it the actual amount paid for such services. As stated in Brosnan v. Sweetser, supra:

"If [plaintiff] had paid ten times the true value of such services, she could only have recovered what such services were reasonably worth. Her contract or liability has nothing

to do with the liability of the [defendants]. If they are liable for damages on account of the injuries, they are liable for the reasonable value of the necessary services of a nurse, the same as the services of a physician or surgeon." 26 N.E. at page 557.

In City of Bedford v. Woody, supra, plaintiff's wife had been injured and plaintiff had received a bill from the attending physician. Only a small amount of the bill had been paid. In ruling that it was error to allow a physician to testify to the amount he had charged plaintiff for medical services when but a small amount of the bill had been paid and there was no other testimony concerning the value of his services, the court said:

"If the [plaintiff] was entitled to recover, one element of his damages would *be the necessary and reasonable expenses incurred* by him for medical treatment of his wife for the injury suffered by her through the [defendant's] wrong. * * * In such a case, if the physician's bill has not been paid, the plaintiff can recover therefore only upon evidence of the reasonable value of the physician's services." 55 N.E. at page 499. (Emphasis added.)

In Summers v. Tarney, supra, the Indiana Supreme Court rule upon an allegation in the complaint in which plaintiff averred that "being of the opinion that the injury [to his horse] might be successfully treated, [he] employed skillful surgeons to treat the same, and expended on that account $25." In ruling that the allegation was not objectionable, the court stated:

"The presumption must be, until the contrary appears, that the amount paid out for surgical treatment was a reasonable and proper payment. * * * There was no evidence to show that excessive charges had been made on account of surgical treatment, in view of the testimony. * * * The testi-

mony admitted by the court as to the amount paid out by the [plaintiff] for surgical treatment was competent. It tended to show the measure of the [plaintiff's] damages on account of the employment of surgeons." 24 N.E. at page 679.

From these three cases, Brosnan, City of Bedford, and Summers, it becomes apparent that the law of Indiana will allow a plaintiff in a personal injury action to recover neither the actual amount of medical bills charged to him nor the amount of medical bills paid by him, but rather, the reasonable and fair value of medical expenses necessarily incurred by him. The actual amount charged to the plaintiff or the amount actually paid by him may tend to prove the reasonable and fair value of the services rendered to him but are not conclusive on that issue.

The statute in question incorporates the law of the above cited cases in that it allows recovery for only "the reasonable medical, hospital * * * expenses incurred." The phrase "expenses incurred" cannot be read, therefore, as permitting full recovery for all hospital and medical charges billed to a plaintiff. The charges may be excessive. The plaintiff by his contract with the doctor or hospital may have incurred a legal liability to pay the charges. But still the plaintiff will be limited in his recovery under Burns' § 2–403, to the "reasonable" value thereof.

Regardless of whether medical services be rendered gratuitously or whether the plaintiff be legally liable for such service, in Indiana the measure of the defendant's liability to the plaintiff is the reasonable value of such services.

Apparently the Indiana courts have never drawn a distinction between damages allowable for medical services for which the plaintiff is legally liable and damages allowable for gratuitous medical services. The earliest case in Indiana applying the "collateral source" doctrine

to gratuitous medical services makes no such distinction. Rather, it decides that plaintiff may recover the fair value of such services and then rules that an instruction couched in terms of "expenses actually incurred" is proper under a fact situation involving gratuitously rendered physician's services. In City of Indianapolis v. Gaston, 1877, 58 Ind. 224, plaintiff was a physician. At trial, the defendant offered to prove that it was a universal custom among physicians and surgeons not to charge members of the profession for services rendered. The court held that the evidence was properly rejected, saying:

"Whenever it is proper in such a case to prove the services of a physician or surgeon, the fair value of such services is the legal rule, even though they might have been rendered gratuitously." Page 227.

Furthermore, in its opinion, the court had occasion to rule upon an instruction dealing with damages. The instruction read, in part, as follows:

"If you find, under the evidence and the rules of law I have given you, that the plaintiff is entitled to recover, it will be your duty to assess the amount of damages which, in your judgment, he should recover. In estimating this amount, you may take into consideration *expenses actually incurred,* loss of time occasioned by the immediate effect of the injuries, and physical and mental suffering caused by the injuries. * * *" Page 230. (Emphasis added.)

The court upheld the validity of the instruction, apparently determining that the "collateral source" doctrine was implicitly included in the phrase "expenses actually incurred."

In a recent case, Bowdoin v. Chicago Express, Inc., D.C.N.D.Ind.1954, 125 F.Supp. 341, Judge Parkinson, now on the Court of Appeals for this Circuit, recited the Indiana law in terms which expressly included the collateral source

**30**

doctrine within the concept of "expenses incurred" when he stated:

"Under the evidence in the record the plaintiff is entitled to recover compensatory damages for his personal injuries flowing proximately from the negligence of the defendant including his loss of income, his pain and suffering and his *expenses incurred,* including the reasonable value of any necessary medical services even though gratuitously rendered." Page 342. (Emphasis added.)

For these reasons, I am satisfied that the phrase "reasonable medical, hospital * * * expenses incurred" as it appears in Burns' § 2–403 must be interpreted as including gratuitously rendered medical services; first, because the "collateral source" doctrine was the law in Indiana long before the statute was passed; second, because the measure of the damages is the same regardless of whether medical services were rendered gratuitously or for a fee; and third, because the early cases apparently consider the collateral source doctrine as implicitly present in the phrase "expenses incurred."

The defendant cites United States v. St. Paul Mercury Ind. Co., 8 Cir., 1956, 238 F.2d 594. The basis of the suit was a policy of insurance issued to a veteran and assigned by him to the Government. It provided that the insurance company was liable only for "expenses actually incurred". The suit was on contract as distinguished from a tort action so that the collateral source doctrine was not involved. Furthermore the court stressed the word "actually" in the critical phrase of the policy. These factors, I think, make the case inapposite to the problem under consideration.

In summary, it is determined on the issue presented by the pre-trial order that the reasonable necessary expenses for medical and hospital care rendered to the respective plaintiffs in these cases by the Government should be included as proper elements of the damages.