CHEMCO TRANSPORT, INC., Appellant (Defendant Below),

v.

James J. CONN, Appellee (Plaintiff Below).

No. 2–1185–A–350.

Court of Appeals of Indiana, Second District.

April 28, 1987.

Rehearing Denied May 21, 1987.

Tom F. Hirschauer, Logansport, for appellant.

Wade R. Nichols, David A. Rosenthal, Lafayette, for appellee.

SULLIVAN, Judge.

Chemco Transport, Inc. (Chemco) appeals the trial court's judgment awarding James Conn (Conn) damages for loss of his motor vehicle, loss of use of his motor vehicle and personal injuries. We reverse the awards for the loss of use and for the value of the motor vehicle. We affirm the award for personal injuries.

On September 28, 1982, Conn was driving his 1977 International tractor with trailer attached west on U.S. Highway 224 in Wells County. Conn struck a trailer, owned by Chemco and driven by one of Chemco's employees, as it was backing onto the highway in order to turn around. Conn's tractor was totalled. Conn suffered cuts from flying glass and was taken to the Caylor-Nickel Clinic in Bluffton where he was treated and released. Subsequently, Conn began experiencing pain in his legs and back and he sought treatment from several doctors.

Following the accident, Conn entered into arbitration proceedings with his insurance carrier, Protective Insurance Company (Protective). Following arbitration, Conn received from Protective $40,500 for the value of the tractor and $2,500 for partial loss of use. At the time of the settlement, Conn signed a release in which he acknowledged Protective's right of subrogation and agreed to "take no action which would jeopardize the right of subrogation of the Protective Insurance Company to recover damages which Protective Insurance Company has paid to James Conn for damages to and loss of use of the 1977 International Tractor...." Record at 105.

Conn filed this action in the Cass Circuit Court on March 9, 1983, seeking damages

from Chemco for loss of the tractor, loss of its use and personal injuries. On September 27, 1984, Protective, pursuant to its right of subrogation, filed suit against Chemco, with Conn also named as a plaintiff, in Marion County Superior Court seeking the same damages as sought by Conn in the Cass County action. The Marion County action was dismissed with prejudice on January 7, 1985. Based on the dismissal, Chemco moved for summary judgment in the Cass Circuit Court on the questions of damages for the loss of the tractor and damages for loss of use. The trial court denied Chemco's summary judgment motion and the jury returned awards of $33,-000 for the loss of the tractor, $30,000 for loss of use, and $27,000 for personal injuries. Chemco then perfected this appeal.

■ Chemco first argues that the Marion County Superior Court dismissal with prejudice was res judicata as to the issues of damages for loss of the tractor and loss of its use in the Cass Circuit Court action. The doctrine of res judicata prevents relitigation of an issue where there has been a final adjudication on the merits of the same issue between the same parties. *Gayheart v. Newnam Foundry Co., Inc.* (1979) 271 Ind. 422, 393 N.E.2d 163. Thus, there are four criteria which must be met in order for the doctrine of res judicata to apply: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or might have been, determined in the former suit; and (4) the controversy adjudicated in the former action must have been between the parties to the present action or their privies. *T.R. v. A.W. by Pearson* (1984) 3d Dist.Ind.App., 470 N.E.2d 95. The issues of damages for the value of the tractor and for the loss of its use were present in the action in the Marion County Superior Court. The Marion County action was dismissed with prejudice and "[i]t is generally recognized that a dismissal with prejudice is a dismissal on the merits." *Midway Ford Truck Ctr., Inc. v. Gilmore* (1981) 1st Dist.Ind.App., 415 N.E.2d 134, 136. Thus, two of the requirements for the application of res judi-

cata have been met. However, Conn argues that Chemco has failed to show that the other two requirements have been satisfied. Specifically, Conn contends that he was not a real party in interest in the Marion County action and that the Marion County court was not a court of competent jurisdiction because the cause of action was first filed in the Cass Circuit Court.

■ Conn's argument that he was not a real party in interest to the Marion County action is based upon the fact that the action was actually brought by Protective pursuant to its right of subrogation. "In the Marion County case, Conn was named as a Plaintiff by Protective only through their right of subrogation and in no manner did Conn authorize the suit." Appellee's Brief at 17. However, as Conn apparently concedes, Protective did have the right, by way of its subrogation claim, to name Conn as a plaintiff in the Marion County action. Conn was a party of record in the Marion County action, and the parties of record are bound for the purposes of res judicata. *Moxley v. Indiana National Bank* (1982) 4th Dist.Ind.App., 443 N.E.2d 374.

Conn's argument that the Marion County court was not a court of competent jurisdiction is premised upon the fact that the Cass County case was filed eighteen months prior to the filing of the Marion County action. In order to properly address Conn's argument, it is necessary to distinguish between subject-matter jurisdiction and jurisdiction of the particular case.

" '... The subject matter of an action, *when reference is made to matters of* jurisdiction, means the nature of the action and the relief sought. If the court has jurisdiction of the *class of actions* to which the particular case under consideration belongs it has jurisdiction of the subject matter of the action. If the court does not have jurisdiction of the class of actions, the parties cannot confer such jurisdiction. The phrase 'subject matter of the action' is sometimes used to refer to the thing involved in a particular case but such is not its meaning when

used in the rule regarding jurisdiction. (original emphasis)

\* \* \* \* \* \*

... Jurisdiction of the particular case is different than jurisdiction of the subject-matter, although occasionally the courts speak of jurisdiction of the subject-matter of the particular case. A court may have jurisdiction of the subject-matter, that is, of the general class of cases to which the particular case belongs, but not jurisdiction of the particular case. Jurisdiction of the particular case may be given by consent, either express or implied.' " *Farley v. Farley* (1973) 2d Dist., 157 Ind.App. 385, 397–8, 300 N.E.2d 375, 383, *quoting* 1 Wiltrout, *Indiana Practice* § 122.

 A judgment rendered by a court lacking subject-matter jurisdiction is void and may be attacked at anytime. *In Re Chapman* (1984) 3d Dist.Ind.App., 466 N.E.2d 777. However, judgment rendered by a court without jurisdiction of the particular case is not void and objections to the court's exercise of jurisdiction will be waived if not made in a proper and timely fashion. *Bd. of Trustees of New Haven v. City of Fort Wayne* (1978) 268 Ind. 415, 375 N.E.2d 1112. Thus, in order for a judgment to be attacked collaterally as having not been rendered by a court of competent jurisdiction for the purposes of res judicata, it must be shown that the court which rendered the judgment lacked subject-matter jurisdiction. If the court had subject-matter jurisdiction but lacked jurisdiction of the particular case, it is a court of competent jurisdiction for the purposes of res judicata and its judgment may not be collaterally attacked.

 Both the Marion County Superior Court and the Cass Circuit Court had jurisdiction over the class of actions to which the case at bar belongs. *See* I.C. 33–4–4–3 (Burns Code Ed.Repl. 1985); 33–5–35.1–4 (Burns Code Ed.Supp. 1986). Conn's filing of his case in Cass County did not deprive the Marion County Superior Court of its ability to hear similar cases involving similar claims. By filing his cause of action in Cass Circuit Court, Conn vested exclusive jurisdiction *of the particular case* in the Cass Circuit Court. *See State ex rel. International Harvester Co. v. Allen Circuit Court* (1976) 265 Ind. 175, 352 N.E.2d 487. However, he did not deprive the Marion Superior Court of its jurisdiction over the subject matter of the case. Because the Marion County Superior Court had subject-matter jurisdiction, Conn may not collaterally attack the court's dismissal despite the fact that the court did not have jurisdiction of the particular case.

The requirements for the application of the doctrine of res judicata have been met in this case. The Marion County Superior Court was a court of competent jurisdiction and its dismissal was on the merits. Conn was a party of record in the Marion County action, and the issues of damages for the value of the tractor and damages for the loss of the tractor's use were present in both the Marion County and the Cass County actions. Conn may not relitigate these issues in the Cass County action.

Because we have determined that the Marion County dismissal with prejudice was res· judicata as to the issues of damages for the tractor and damages for the loss of the tractor's use, we need not address Chemco's argument that the trial court considered improper evidence and applied an inappropriate standard in determining the loss of use damages. We move then to Chemco's argument that the trial court improperly admitted evidence of Conn's medical expenses as a result of the accident.

At trial, Conn was allowed to introduce into evidence a series of medical bills which he testified were incurred as a result of the accident. Chemco argues that Indiana law requires a showing of reasonableness and necessity before medical bills may be admitted as evidence and cites several Indiana cases supporting its proposition. We disagree with Chemco's interpretation of those cases.

 Chemco cites *City of Bedford v. Woody* (1899) 23 Ind.App. 401, 55 N.E. 499, in which the court held that admission of a physician's testimony as to the amount of

his bill for treating the plaintiff was inadmissible absent a showing of the reasonable value of his services *or* a showing that the bill had been paid. However, the court took pains to indicate that if the bill had been paid, the bill itself might be some evidence of the reasonable value of the services and therefore admissible. *See, id.* at 404, 55 N.E. at 499. *See also,* Annot., 12 A.L.R.3d 1347, 1359 (1967). In this case, the medical bills Conn sought to introduce had been paid. Record at 307. Thus, under the implicit rationale of the *Woody* case, the medical bills in this case were admissible.

█ The other cases cited by Chemco in its brief do not address the question of the admissibility of the medical bills but rather the question of the proper measure of damages for medical expenses. *See Herrick v. Sayler* (1958) N.D.Ind., 160 F.Supp. 25; *Brosnan v. Sweetser* (1891) 127 Ind. 1, 26 N.E. 555; *Kampo Transit, Inc. v. Powers* (1965) 138 Ind.App. 141, 211 N.E.2d 781; *Hickey v. Shoemaker* (1960) 132 Ind.App. 136, 167 N.E.2d 487; *Kenwood Tire Co. v. Speckman* (1931) 92 Ind.App. 419, 176 N.E. 29. This distinction is clearly made by the court in *Herri ᵗ v. Sayler, supra,* 160 F.Supp. 25.

"[T]he law of Indiana will allow a plaintiff to *recover* neither the actual amount of medical bills charged to him nor the amount of medical bills paid by him, but rather, the reasonable and fair value of medical expenses necessarily incurred by him. *The actual amount charged to the plaintiff or the amount actually paid by him may tend to prove the reasonable and fair value of the services rendered to him but are not conclusive on the issue."* *Id.* at 29 (emphasis added).

Thus, the law in Indiana is not that medical bills must be shown to be reasonable and necessary before they are admissible, but that only reasonable and necessary medical expenses may be recovered.

Admissibility of evidence is, first and foremost, a question of relevancy. "When

evidence is relevant, it should be admitted regardless of its weight." *McMahan v. Snap On Tool Corp.* (1985) 4th Dist.Ind. App., 478 N.E.2d 116, 123. Evidence is relevant if it logically tends to prove a material fact. *United Farm Bureau Mutual Ins. Co. v. Cook* (1984) 1st Dist.Ind. App., 463 N.E.2d 522. As the *Herrick* case cited by Chemco clearly states, "the amount actually paid by [the plaintiff] may tend to prove the reasonable and fair value of the services rendered to him...." *Herrick v. Sayler, supra,* 160 F.Supp. at 29. And in *Summers v. Tarney* (1890) 123 Ind. 560, 24 N.E. 678 defendant objected to admission of testimony of the amount paid by plaintiff to surgeons for treatment of an injured horse on the grounds that the testimony was irrelevant as to the question of reasonable medical expenses. The Court stated: "The testimony admitted by the court as to the amount paid out by the appellee for surgical treatment was competent. It treated the measure of the appellee's damages on account of the employment of surgeons." *Id.* at 563, 24 N.E. 678.

█ In this case, the material fact to be proved was the reasonable and necessary medical expenses incurred by Conn as a result of the accident. The actual amount paid by Conn, as shown by his medical bills, tended to prove the reasonableness component of the standard. Thus, the medical bills were relevant and were properly admitted.

We emphasize that, in this case, we are concerned only with the question of admissibility. Chemco has not challenged the sufficiency of the evidence supporting the award of damages for medical expenses. Chemco only challenges the admissibility of the medical bills. Thus, we need not determine whether the medical bills alone were sufficient to prove Conn's reasonable and necessary medical expenses.[1]

█ Chemco next argues that the trial court erred in admitting a memoran-

---

1. However, we note that there is Indiana authority indicating that medical bills alone are sufficient to establish reasonable medical ex-penses. *See Summers v. Tarney* (1889) 123 Ind. at 560, 563, 24 N.E. 678, 679.

dum of the Industrial Board indicating a payment of $3,500 to Conn from his workmen's compensation carrier. The memorandum was included in Conn's Exhibit # 8, which also included the medical bills objected to by Chemco. However, while Chemco objected to the admission of the medical bills, it made no objection to the admission of the memorandum. A specific objection must be made when evidence is offered for admission in order to preserve an error for review. *Ind. Tri-City Plaza Bowl, Inc. v. Estate of Glueck* (1981) 3d Dist.Ind.App., 422 N.E.2d 670. The objection to the medical bills, by its nature and content, cannot be held to embrace an appropriate objection to the memorandum. Admission of the memorandum, therefore, is not ground for reversal.

 Finally, Chemco argues that the trial court improperly questioned witnesses. A trial court may direct questions to a witness to aid in the fact-finding process so long as such questioning is done in an impartial manner and the defendant is not prejudiced. *Posey County v. Chamness* (1982) 1st Dist.Ind.App., 438 N.E.2d 1041. Chemco contends that the trial court's interrogations were not impartial and that it was thereby prejudiced. However, Chemco concedes that it made no objection to the trial court's manner of questioning. As stated in *Chamness, supra:* "When a trial judge conducts a separate interrogation of a witness so that such could be error, such error is deemed waived unless an objection is interposed by the complaining party." 438 N.E.2d at 1049. Chemco urges this court to change the rule as set forth in *Chamness,* arguing that the rule places the party objecting to the trial court's method of questioning in a no-win situation. Chemco contends: "If this Court is going to continue to require an objection, it places trial attorneys in a horrendous dilemma because by objecting the jury can infer that the answers would be harmful to the objecting party." Appellant's Brief at 44. While we do not believe that Chemco is requesting this court to hold that objections to questions are never required, its rationale seems to lead logically to that conclusion. If by objecting to

questions tendered by the court the jury could infer that the answers would be harmful to the objecting party, it would seem that the jury would be able to gather the same inference from objections to questions tendered by opposing counsel. We recognize that, given the role the judge plays in the trial process, the possibility of prejudice resulting from improper questioning by the judge may be somewhat greater than that resulting from improper questioning by opposing counsel. However, the potential for prejudice is not so great as to warrant an exception to the general rule that a party must object in order to preserve error.

The trial court's award for personal injuries is affirmed. The trial court's award of damages for loss of the tractor and its award for loss of the tractor's use are reversed, and the cause is remanded to the trial court with instructions to enter judgment for Chemco upon those two issues.

Costs are hereby assessed against appellee James J. Conn.

SHIELDS, P.J. and CONOVER, J. concur.