Connie E. SMITH, Appellant, and Cross–
Appellant (Plaintiff below).

v.

SYD'S, INC., Appellee (Defendant
below).

Jan Deering d/b/a Deering Cleaners,
Appellee, and Cross–Appellant
(Defendant below).

No. 06S04–9209–CV–688.

Supreme Court of Indiana.

Sept. 9, 1992.

Frank E. Spencer, Indianapolis, for Connie E. Smith, appellant and cross-appellant.

Robert A. Smith, Michael P. Bishop, Bishop Smith & Bishop, Indianapolis, for Syd's, Inc., appellee.

Stephen L. Bola, Hill Fulwider McDowell Funk & Matthews, Indianapolis, for Jan Deering d/b/a Deering Cleaners, appellee and cross-appellant.

ON PETITIONS TO TRANSFER

KRAHULIK, Justice.

Connie Smith (Plaintiff–Appellant) instituted a negligence action against the Appellees Syd's, Inc., and Jan Deering, owner of Deering Cleaners, after she tripped and fell down a flight of stairs that was mutually maintained and used by the appellees. A jury returned a verdict in her favor but for an amount less than she had requested. She appealed and the Court of Appeals reversed and granted her a new trial holding that the trial court had erred in withdrawing from evidence certain medical expenses incurred by Smith. Syd's and Deering seek transfer on the issues of what duty Deering owed to Smith and whether the trial court properly withdrew the medical expense evidence from the jury.

*Facts*

Smith occupied an apartment in a multi-story building owned by Syd's, Inc. The

first floor of this building contained a business known as Syd's Bar. The building immediately east of Syd's was owned by Jan Deering. The first floor of this building housed Deering Cleaners. The second floor contained one apartment. All four apartments could be accessed by a stairway in the hall separating the two buildings. Syd's and Deering had an oral agreement to share maintenance responsibilities and expenses for the stairway. After Smith tripped and fell down the staircase, she brought a negligence action against both parties alleging that Syd's and Deering failed to maintain the stairway in a reasonably safe condition.

### Smith's Status As To Deering

 At trial, Deering moved for judgment on the evidence on the premise that Smith was a licensee as to Deering and not an invitee. The trial court denied this motion and Deering cross-appealed. The Court of Appeals determined that because Deering was aware that the staircase was used by tenants of both buildings, and because he exercised a degree of control as well as a share of responsibility for the maintenance of the staircase, Smith could be considered an implied invitee. 570 N.E.2d 126. Consequently, Deering owed Smith a duty to exercise reasonable care for her safety and the trial court properly denied Deering's motion for judgment on the evidence. We agree with this portion of the Court of Appeals' opinion and adopt and incorporate it by reference pursuant to App. Rule 11(B)(3).

### Evidence of Expenses Incurred

 In order to receive a damage award covering medical expenses incurred as the result of an injury, it must be proven at trial that these expenses were both reasonable and necessary. *Hickey v. Shoemaker* (1960), 132 Ind.App. 136, 167 N.E.2d 487; *Bedford v. Woody* (1899), 23 Ind.App. 401, 55 N.E. 499. The reasonableness of expenses can be proven, in part, by a demonstration that the plaintiff paid the amounts incurred. *Bedford*, 23 Ind.App. at 404, 55 N.E. at 500; *See also Chemco Transport v. Conn.* (1987), Ind.App., 506 N.E.2d 1111,

1115; *rev'd on other grounds* (1988), Ind., 527 N.E.2d 179. This is premised upon the concept that one would not pay an unreasonable bill. The necessity of the expenses must be proven as well. *Chemco*, 506 N.E.2d at 1115. This is generally accomplished by offering the testimony of medical experts.

At trial, Smith moved for admission into evidence of a document purporting to list medical expenses incurred by her as a result of her fall. The amounts set forth in the document totalled approximately $32,-000. The document was admitted conditioned upon Smith's claim that she would demonstrate the reasonableness and necessity of these expenses during the course of trial. The record is unclear as to what medical bills, if any, were actually paid by Smith. Additionally, the only testimony as to necessity of these expenses was offered by one of Smith's treating physicians, Dr. Beghin, to justify his bill of $6,060. Consequently, the trial court ruled that medical expenses in excess of $6,060 had not been proven.

On appeal, Smith argued that the trial court erred by withdrawing evidence of medical expenses in excess of the $6,060 testified to by Dr. Beghin. The Court of Appeals agreed and ordered a new trial. In so ruling, the Court of Appeals reasoned that: (1) the fact that Smith actually paid these bills was sufficiently proven so as to satisfy the "reasonableness" requirement, and (2) the "necessity" requirement of the medical expenses need not be proven by expert testimony when the necessity for such treatment falls within "the common knowledge" of the jurors.

 We affirm the trial court but, in so doing, we need not reach the question of whether the Court of Appeals was correct, particularly regarding the creation of a common knowledge method of proof, because Smith waived her right to claim as error the fact that current medical expense damages were not awarded. Smith did not request recovery for current medical expenses in the damage instruction she tendered to the court to be given to the jury.

In fact, she acquiesced in the omission of such request. This failure resulted in waiver.

Smith submitted and the trial court accepted and read the following final jury instruction on the issue of damages:

PLAINTIFF'S INSTRUCTION NO. 1

If you find for Plaintiff Connie Smith on the question of liability, you then must determine the amount of money which will fairly compensate her for those elements of damages which were proven by the evidence to have proximately resulted from the Defendants' conduct.

In assessing damages for Connie Smith, you may consider:

a. the nature and extent of her injuries;

b. whether the injuries were temporary or permanent;

c. the physical and mental pain, discomfort and suffering experienced due to the incident;

d. any future pain, discomfort and suffering she will experience due to the incident;

g. [sic] the effect of any disability on the Plaintiff's ability to have a normal social life, engage in normal recreational activities in the past and in the future;

h. [sic] any loss of future earnings caused by an impairment of her earning capacity. The impairment of the Plaintiff's earning capacity is the difference between the amount which she was capable of earning before the injury and the amount which she is capable of earning thereafter.

The age of Connie Smith at the time of the incident in question was thirty-five (35) years of age. You are instructed that the normal life expectancy of a white female, 35 years of age, has been proved to be 42.7 years by the U.S. Life Tables. In determining damages for the Plaintiff's permanent impairment, you may take into consideration her age at the time of the incident in question and the normal life expectancy of a female 34 [sic] years of age as shown by the evidence in this case.

Additionally, during an exchange between counsel and the judge before final arguments, the defendants' counsel requested that the jury be instructed that the only evidence of recoverable medical expenses was the $6,060 testified to by Dr. Beghin. When counsel pointed out that the instruction tendered by the plaintiff contained no mention of current medical expenses, counsel for Smith replied: "I don't think that there will be any mention of medical."

Smith was afforded a specific opportunity to amend her own tendered jury instructions to request current medical expenses as part of the damage award, and to argue to the judge and jury that medical expenses could and should have been awarded in excess of $6,060. Smith specifically, and intentionally, relinquished that opportunity. Consequently, she cannot now request a new trial in order to have a second chance to request and argue for an award of medical expenses in excess of $6,060.

The petitions to transfer are granted and the opinion of the Court of Appeals is vacated except for the section dealing with Smith's relationship to Deering. The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.