OLD FIRST NATIONAL BANK AND TRUST COMPANY OF
FORT WAYNE *v.* SNOUFFER ET AL.

[No. 14,621.   Filed October 22, 1934.]

*Eggeman, Reed & Cleland,* for appellant.

*Harris & Harris,* for appellees.

WOOD, J.—The appellee, Earl W. Snouffer, brought suit against his co-appellees, Bert Shaffer and Bessie Shaffer, husband and wife, to foreclose a mechanic's lien against a certain dwelling house and garage and the real estate upon which they were located for material furnished and labor performed in the erection of said buildings. All the other appellees and the appellant were made parties defendant to this action.

This appeal does not question the judgment of the lower court in any manner, except insofar as it determined the issues tendered by an amended cross-complaint filed by the appellees Shaffer and Shaffer against the appellant, for damages alleged to have been sustained by them because of the failure of appellant to properly perform certain duties imposed upon it, in the disbursement of certain funds received by it as trustee for the Shaffers, to which amended cross-complaint, the appellant filed an answer in two paragraphs, the first being a general denial, the second alleging the execution of a mortgage upon the real estate involved, by the Shaffers, to it as trustee for a company designated as the First National Securities Company, and asking that the mortgage be foreclosed, also: a cross-complaint against the appellees Shaffer and Shaffer alleging substantially the same facts contained in its second para-

graph of answer in which appellant sought foreclosure of said mortgage, to which paragraph of cross-complaint, Shaffer and Shaffer filed an answer alleging substantially the same facts contained in their amended cross-complaint, to which paragraph of answer the appellant filed a reply in general denial.

The court found the facts specially and stated its conclusions of law thereon. The conclusions of law necessary for our consideration were in substance; that the appellant had a mortgage lien upon the real estate involved for $4068.00; that it was inferior to certain mechanics' liens and of equal standing with others; that the appellant as trustee did not exercise proper skill, prudence, and caution in the performance of its duties as trustee and that the appellees Shaffer and Shaffer were damaged by reason thereof and entitled to recover the sum of $2261.40 from appellant; that all the parties to the action found to have liens, except the appellant, were entitled to have their liens foreclosed, and the property sold in satisfaction thereof.

The appellant excepted to each conclusion of law. Judgment was rendered in accordance with the conclusions of law. The appellant filed a motion asking the court to "modify its findings, conclusions of law and judgment thereon, in this," that the court adjudge there was owing from the appellees Shaffer and Shaffer to appellant the sum of $4,068, that there was owing from appellant to appellees Shaffer and Shaffer the sum of $2,261.40, that said sum be set off against the sum owing by Shaffer and Shaffer, leaving a balance of $1,-806.60, still owing by them to appellant. This motion was overruled. Appellant then filed a motion for a new trial, the only causes properly alleged being, that the decision of the court was contrary to law and the decision of the court was not sustained by sufficient evi-

dence. This motion was overruled. Appellant assigns each of the above rulings as errors for reversal.

The special finding of facts disclose that on October 20, 1925, the appellees Shaffer and Shaffer were the owners as tenents by the entireties of a vacant lot in the city of Fort Wayne; on August 16, 1926, the Shaffers entered into a written contract with their co-appellee Superior Building Company as general contractor to furnish all material and labor for the construction of a dwelling house and garage upon said lot for the sum of $5229 to be paid in installments; said contract provided, that if any lien should be established for material or labor for which the Shaffers might be liable, they should have the right to retain out of the contract price a sum sufficient to indemnify themselves against loss of any kind, and should there prove to·be any liens or claims after all payments were made on the contract, the Superior Building Company should refund to the Shaffers any sums which they might be compelled to pay to discharge said lien. The Superior Building Company entered upon the performance of the contract. On September 13, 1926, the Shaffers made application to the First National Securities Company upon a form furnished by said company for a loan of $4000, to be used in paying for the construction of said dwelling house and garage. In this application they authorized the Securities Company to pay out the proceeds of the loan in the discharge of liens or material accruing in the construction of the buildings. The loan was approved and on October 2, 1926, the appellees Shaffer and Shaffer executed their note to the appellant as trustee for the Securities Company in the sum of $4000, due five years after date with interest and secured payment of the same by a mortgage to appellant as such trustee upon the real estate here involved. Pursuant to agreement between the Shaffers, Superior Building Company,

First National Securities Company, and appellant as trustee, $2,261.40, of the $4000 loaned to the Shaffers was deposited with appellant as trustee, to be paid out by it on said buildings during the course of construction in accordance with the contract between the Shaffers and the Superior Building Company, the appellant as trustee without exercising reasonable care, prudence and caution, to ascertain whether or not, liens for material or labor existed or could be established against said buildings and real estate, nor whether or not the Superior Building Company had paid for the material and labor used in the construction of said buildings, paid to the Superior Building Company from October 16, 1926, to November 8, 1926, out of the funds held by it as trustee the sum of $2,161.40; during this period of time there were bills owing for material and labor used in the construction of said buildings for which liens were established in excess of said sum of $2,161.40. The Superior Building Company was bankrupt, and without assets to pay any sum to its general creditors. The Shaffers made all payments upon the note given to the appellant as they became due, and were not in default on the note and mortgage securing same, they were unacquainted with business transactions of the nature in which they were engaged.

In their brief, counsel for appellant say: "In this court appellant only questions the propriety of the judgment rendered by the court in favor of the appellees, Shaffer and Shaffer on the cross-complaint against this appellant, and the failure and refusal of the trial court to allow and permit the lien of appellant by virtue of its mortgage executed by appellees Shaffer and Shaffer, as set off against any amount found due and owing to appellees Shaffer and Shaffer, and does not question the judgment in any other particular."

Appellant, by excepting to the conclusions of law, ad-

mitted for the purpose of the exceptions only, that the facts upon which the conclusions were based had been fully and correctly found, limited, however, to the facts found within the issues formed by the pleadings. 2 Watson's Works Practice, sec. 1609. It is also the law, sustained by a long and unbroken line of authorities, that the special finding of facts must contain all the facts necessary to entitle the party to a recovery in whose favor the conclusions of law are found. On appeal all facts not embraced within the special finding will be deemed as not proven by the party having the burden of the issue, and the failure to find a fact essential to recovery will be regarded as a finding against the party having the burden of proving the same. 2 Watson's Works Practice, sec. 1594. The sufficiency of the evidence to sustain the special findings may be questioned by a motion for a new trial as was done in this case.

It is a well settled principle of law sustained by the authorities, that a trustee must in all events exercise reasonable care, skill, diligence, and prudence, in the management and control of the trust property, and in dealings connected therewith. 3 Pomeroy's, Equity Jurisprudence, (4th. Ed), sec. 1070; 1 Perry, on Trusts, (7th Ed.), secs. 401 and 441. In this case the court found as a fact, and the evidence sustains the finding, that the appellant occupied the relation of trustee toward the Shaffers, and that it failed to discharge the duties devolving upon it by virtue of such relation, in the manner imposed by the law, and that by reason of such failure the Shaffers suffered damages.

But the appellant contends that the amount of damages which the court found the Shaffers sustained by reason of negligent conduct on the part of appellant,

should be a set-off against the amount of the mortgage owing by the Shaffers to it as trustee.

Section 2-1016, Burns 1933, sec. 120 Baldwin's 1934, provides that: "A set-off shall be allowed only in actions for money-demands upon contract, and must consist of matter arising out of debt, duty, or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off." Set-off was not known to the common law. *Duffy* v. *England* (1911), 176 Ind. 575, 96 N. E. 704. It is by virtue of the above statute that such a pleading may be resorted to under our code of civil procedure. Set-off must be specially pleaded as such, and cannot be proved under the general denial or under a plea in bar. 1 Watson's Works Practice, sec. 727. Neither the second affirmative paragraph of appellant's answer to the amended cross-complaint of the Shaffers nor its cross-complaint against them was upon the theory of set-off. The judgment of the court must be grounded upon issues joined on the pleadings. *Gibraltar, etc., Co.* v. *Security Trust Co.* (1922), 192 Ind. 502, 136 N. E. 606.

Generally, only mutual debts existing in the same right are proper matters of set-off. This rule has exceptions. When in order to do equity or prevent irremediable injustice, set-off will be allowed, though the debts are not mutual. So if the plaintiff is insolvent or a non-resident, the pleading of a cross-demand as an equitable set-off may be permitted, though there is no mutuality and the defendant's demand is not due. 1 Watson's, Works Practice, sec. 715. The appellant seeks to avail itself of these exceptions. The facts as exhibited by the record fail to show any basis for an application of the exceptions. The court found that the note given by the Shaffers to appellant was not due. The evidence sustains this finding. There

was no finding that the Shaffers were insolvent or that they were non-residents of the state of Indiana. There is no evidence in the record upon which such a finding could be predicated.

"As the decree of the court was in accordance with the conclusions of law, the court did not err in overruling appellant's motion to modify the judgment." *Pittsburgh, etc., Co.* v. *Muncie, etc., Co.* (1910), 174 Ind. 167, 179, 91 N. E. 600, and authorities cited.

The decision of the lower court is sustained by the evidence and is not contrary to law.

Finding no error the judgment is affirmed.