EVANSVILLE VENEER & LUMBER COMPANY *v.* CLAYBON

[No. 17,578.  Filed June 18, 1947.]

*Darby & Fitzgerald,* of Evansville, for appellant.

*McCray, Davidson, Plopper & Sandusky,* of Evansville, for appellee.

CRUMPACKER, P. J.—This action was brought by the appellee Charles Claybon and in his complaint he charges that on August 15, 1945, the appellant Evansville Veneer & Lumber Company was the owner of a certain river barge which it carelessly and negligently moored on the Indiana shore of the Ohio River about a mile upstream from the Dress Plaza in the city of Evansville, Indiana. That by reason of the careless and negligent manner in which said barge was so moored it broke loose on September 24, 1945, went adrift and floated downstream into and against a motor boat belonging to the appellee which was then tied to a floating dock at the foot of Main Street in said city. That as a result of such collision said motor boat was sunk to the appellee's damage in the sum of $2,000. The case was tried to the court which found the facts specially, stated conclusions of law thereon unfavorable to the appellant and rendered judgment for the appellee in the sum of $1,100.

The major question presented by this appeal arises on the special findings which are reasonably brief and we quote them *verbatim* and in full:

"1. Plaintiff, Charles Claybon, is now and was throughout the year 1945, a resident and citizen of the City of Evansville in the State of Indiana.

"2. Defendant, Evansville Veneer & Lumber Company, is now and has been continuously for more than five years last past a corporation organized and existing under the laws of the State of Indiana, with principal office at Evansville, Indiana; and through all of said time, has been engaged in the business of buying and selling timber, logs, lumber and other wood products.

"3. That at the time the barge was beached and at the time of the collision between the barge and the plaintiff's pleasure boat, the defendant was the owner of said barge.

"4. That the defendant's barge had been withdrawn from river commerce and abandoned by the defendant on the date that the defendant's agent beached said barge; and, that the said barge was not a vessel used on lakes or rivers in inland navigation either on the date it was beached or on the date of said collision.

"5. That the defendant negligently beached and abandoned said barge, without properly securing it, on the bank of the Ohio River.

"6. That said barge was beached by an agent of the defendant with the full knowledge and consent of the defendant's president and general manager, who had directed said agent to get rid of said barge.

"7. That immediately preceding the collision of defendant's barge with plaintiff's pleasure boat, said pleasure boat had a reasonable market value of $1,500.00, and that immediately following said collision, said pleasure boat had a reasonable market value of $400.00."

It will be noted that nowhere does the court find that the appellant's negligence in "beaching" the barge, as described in finding No. 5, was the proximate cause of the accident whereby the appellee's motor boat was sunk. Nor are there any primary facts found by the court on the issue of proximate cause which are such as lead to but one conclusion from which the court

must necessarily infer the ultimate fact that the appellant's negligence was the proximate cause of the accident involved. *Angola State Bank* v. *State ex rel. Sanders* (1944), 222 Ind. 244, 52 N. E. (2d) 620.

It is axiomatic that the facts found specially by the trial court must contain all the facts necessary to a recovery by the party in whose favor the conclusions of law are stated. *McClellan* v. *Tobin* (1942), 219 Ind. 563, 39 N. E. (2d) 772; *Maloney* v. *Home Loan & Trust Co.* (1933), 97 Ind. App. 564, 186 N. E. 897, 187 N. E. 682; *Cline* v. *Union Trust Co.* (1934), 99 Ind. App. 296, 189 N. E. 643; *Old First Natl. Bank & Trust Co.* v. *Snouffer* (1934), 99 Ind. App. 325, 192 N. E. 369; *Provident Life & Acc. Ins. Co.* v. *Fodder* (1935), 99 Ind. App. 556, 193 N. E. 698. The appellant's negligence in mooring its barge was not actionable, of course, unless such negligence was the proximate cause of the appellee's injuries and this the court failed to find.

Cast among the conclusions of law, however, we find the following: "4. That the damage to the plaintiff's pleasure boat was the proximate result of the negligent acts of the defendant in beaching the barge on the bank of the Ohio River without properly securing it." The trial court, no doubt, considered this to be a conclusion of law and we must concede that the distinction between conclusions of fact and law is not always easily made. Ultimate facts fall in a shadowy, ill-defined field that lies between the realm of evidentiary or primary facts and that of conclusions of law. This is true because it is frequently necessary for the trier of the facts to apply rules of law before he can determine the ultimate facts and in the process it is not always clear whether the result is an ultimate fact or a conclusion of law. However

the issue of proximate cause is considered an issue of fact although its determination sometimes requires the application of difficult and obtuse rules of law. *Cromer* v. *City of Logansport* (1906), 38 Ind. App. 661, 667, 78 N. E. 1045. Like contributory negligence it becomes a question of law only when the facts are undisputed and force but one conclusion. *Crawfordsville Trust Co.* v. *Ramsey* (1913), 55 Ind. App. 40, 100 N. E. 1049, 102 N. E. 282.

An ultimate fact cast among the conclusions of law cannot aid the special findings and must be disregarded. *Klingler* v. *Ottinger* (1939), 216 Ind. 9, 13, 22 N. E. (2d) 805; *Dickason* v. *Dickason* (1940), 107 Ind. App. 515, 523, 18 N. E. (2d) 479, 25 N. E. (2d) 1014. Therefore we are constrained to hold that the special findings of fact, in the instant case, do not support the court's conclusion of law that the appellee is entitled to recover judgment against the appellant. It follows that the judgment herein, resting on an unsupported legal conclusion, is contrary to law and must be reversed.

Among other defenses the appellant contended below that its liability was limited in any event to $50 by §§ 4283, 4284 and 4285, U. S. Revised Statutes, Title 46 U. S. C. A., §§ 183, 184 and 185, commonly called the Federal Limitation of Liability Act, and now urges that the judgment herein, being greatly in excess of such sum, is contrary to law. This question depends entirely on whether or not the Federal Act, *supra,* is applicable to the facts in this case. On re-trial the preponderance of the evidence on some material fact necessary to the determination of such question may compel the trial court to find such fact contrary to its present finding and under such circumstances our decision of the question at this time would be unavailing.

Judgment reversed with instruction to grant the appellant's motion for a new trial.

NOTE.—Reported in 73 N. E. (2d) 698.