HICKEY, D/B/A HICKEY FUNERAL HOME *v.* SHOEMAKER.

[No. 19,214. Filed May 23, 1960. Rehearing denied October 26, 1960. Transfer denied June 20, 1961.]

*James H. Pankow* and *Jones, Obenchain, Johnson & Ford,* both of South Bend, for appellant.

*Allen & Allen* and *J. Chester Allen,* of South Bend, for appellee.

RYAN, J.—This was an action by the appellee, Hazel Shoemaker, against the appellant, Thomas L. Hickey, Jr., d/b/a Hickey Funeral Home, for alleged injuries appellee sustained when she entered the premises of the appellant. The cause was tried by the court, and pursuant to proper request of the appellee the court entered the following Special Findings of Fact and Conclusions of Law, and judgment was entered thereon for the appellee in the sum of Three Thousand ($3,000.00) Dollars:

"1.

"FINDINGS OF FACT

"1. On November 1, 1954, the defendant was owner and operator of a funeral home on the premises located at 402 Lincolnway West, South Bend, Indiana. That the defendant was engaged in a general undertaking and funeral home business at said premises.

"2. That an unenclosed porch extended around a portion of the said premises, and that the general public used said porch as a means of ingress and egress to said premises.

"3. That on November 1, 1954, at approximately seven o'clock p.m. the plaintiff entered defendant's premises, for a purpose connected with the defendant's business. That the plaintiff entered said premises by proceeding up steps located at the north side of the porch, and proceeded upon said porch around to the entry of the said premises.

"4. That on November 1, 1954, approximately two inches of snow had fallen in the area where the premises are located and at the time the plaintiff entered upon said premises, the said porch

was covered with snow to a depth of approximately one to one and one-half inches.

"5. That the said porch was slippery when covered with snow, which fact was known to the defendant.

"6. That while proceeding upon said porch, and while at a point several feet from where the plaintiff entered upon said porch; the plaintiff slipped and fell to said porch.

"7. That as a result of said fall, the plaintiff sustained a fracture of her right wrist and an injury to the ring finger of her right hand. As a result of which injuries, the plaintiff was required to undergo three separate surgical proceedures for treatment to the ring finger; and was disabled from her employment with Service Printers, Incorporated for a period of sixteen (16) weeks. That the plaintiff incurred medical expenses to St. Josephs Hospital in the sum of One Hundred Eighty Six Dollars and thirty-five cents ($186.35); South Bend Medical Foundation, two dollars and fifty cents ($2.50); Dr. E. C. Fish, fifty five dollars ($55.00); Dr. Leslie M. Bodnar, one hundred sixty dollars ($160.00); Dr. G. Frederick Speiser, forty five dollars ($45.00); and that the plaintiff's average weekly earnings at her place of employment was fifty eight dollars ($58.00).

"II

"CONCLUSIONS OF LAW

"1. The law is with the plaintiff.

"2. That defendant was guilty of negligence in the maintenance of the premises.

"3. The plaintiff was not guilty of contributory negligence."

Appellant then filed his motion for a new trial, which said motion for a new trial specified the following grounds:

"1. The decision of the court is not sustained by sufficient evidence.

"2. The decision of the court is contrary to law.

"3. The findings of the court are not sustained by sufficient evidence.

"4. The findings of the court are contrary to law.

"5. The court erred in conclusion of law number 1.

"6. The court erred in conclusion of law number 2.

"7. The court erred in conclusion of law number 3."

This was overruled by the trial court, from which action the appellant appealed and assigned as error the overruling of defendant's motion for a new trial, and that the court erred in Conclusions of Law No. 1, No. 2, and No. 3.

The evidence most favorable to the appellee shows that on the date in question there was a snowfall of 2.1 inches and a depth of snow at approximately six o'clock P.M. of two inches. On that day there had been light to moderate snow showers from eight o'clock A.M. until 11:20 o'clock A.M., and beginning again at two o'clock P.M., continuing until approximately nine o'clock P.M., and that it was still snowing at the time of the alleged fall.

The appellee, a woman of fifty-five years of age, had gone to the Hickey Funeral Home to view the body of a friend. She arrived there at approximately seven o'clock P.M., with her husband, and with his help the appellee went up the steps of the outside porch. The porch, although roofed, is exposed to the elements, and there was approximately one and one-half inches of snow on the porch where the appellee fell. Upon ascending the steps to the porch, the appellee and her husband turned and walked on the side porch. She

slipped just before she reached the corner of the porch, but did not fall. She then continued on around the corner, holding on to her husband's arm, slipped again and fell, at which time she suffered the injuries complained of. After falling, as she lay on the porch floor, she saw the snow on the porch and could see where she had slipped and scooped up snow. The snow at this point was approximately one inch in depth. It was fluffy, not packed, and presented an unbroken layer. At the time, she was wearing rubbers and flat heels, and noticed that the porch was slippery when she first walked upon it, which was why she held her husband's arm. The appellant testified that the porch was salted and swept throughout the day quite frequently, but could not state when the porch had been swept the last time prior to the accident. There was also evidence that the porch appeared to be highly painted, looked slick and was angled and slanted toward the street.

While rubber mats were laid on the steps and on that portion of the porch leading directly into the two entrances to the funeral home, there were no rubber mats laid on the porch proper leading from one entrance on the porch to the other.

Mr. Thomas L. Hickey, Jr., the proprietor of the Hickey Funeral Home, testified as follows:

"Q. It is a fact, as you say, the patrons of your business there travel all over the porch, is that right?

"A. That is right.

. . .

"Q. And had you considered placing those mats all around the porch?

"A. At some future date.

"Q. So that you, on November 1, 1954, had some knowledge that that wooden floor was slip-

pery when there was water, snow and ice on it, is that right?

"A. Yes."

The nature of a funeral home is such that it is evident people do come to view the bodies of their deceased relatives and friends, and those so entering do so in accordance and design with the nature of such establishment. This is one of its intended uses, and the owner acquiesces in such use. The appellee was thus in a position of being an invitee.

"Invitation, whether express or implied, imposes the duty to use ordinary care that the place of invitation be reasonably safe for the invitee." *Silvestro* v. *Walz* (1943), 222 Ind. 163, 170, 51 N. E. 2d 629.

Further,

"While it is recognized that the proprietor of a store is not burdened by law with any unusual degree of care for the safety of customers, and in that regard is required only to exercise ordinary care to keep his store in a reasonably safe condition, and is not an insurer of the safety of his customers, nevertheless, he must maintain it in such manner as not to cause injury to one lawfully entering the store for the purpose of making purchases." *Great Atlantic and Pacific Tea Co.* v. *Custin* (1937), 214 Ind. 54, 59, 13 N. E. 2d 542.

From the state of the evidence the court was thus entitled to find that the appellant failed in his duty to the appellee to use reasonable care over his premises. Nor can it be said that the appellee was guilty of contributory negligence, as a matter of law. Contributory negligence becomes a matter of law only when the facts force but one conclusion, and where, as here, viewing the evidence most favorable to the appellee, we see that at the time she slipped

and fell she was wearing rubbers and flat heels, that the porch was slanted, and that she fell on that portion of the porch which was not covered by a rubber mat, we can not as a matter of law assert that appellee was guilty of contributory negligence. It seems apparent here that the court could and did determine that appellee was exercising reasonable care at the time of the accident and that she was not actively and contemporaneously at fault at the time of the accident.

As to the medical expenses incurred, the court in Finding of Fact No. 7 found that the appellee had incurred various medical expenses. If liability be imposed for the alleged injury, it follows that the reasonable and necessary medical expenses as the result of such injury are a proper element of damages, and while it is true that medical bills for the treatment of a wife are generally the debt of a husband, that fact does not deprive a wife of making herself legally liable for such expenses if she so chooses to do.

As stated by our Supreme Court in *The City of Columbus* v. *Strassner* (1894), 138 Ind. 301, 303, 34 N. E. 5:

> "If the appellant was liable at all in this case it was liable for the medical bill rendered necessary by the appellee's injuries. It can make no difference to it whether it pay such bill to the wife or to the husband.
>
> "If the wife paid it out of her own separate means, the husband can not recover it, so the appellant is in no danger of being compelled to pay it more than once." (See also *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 79 N. E. 347.)

The necessary and reasonable expenses of medical treatment being a proper element of damages, 9 I. L. E.

Damages, §47, it can make little difference to the one liable therefor to whom such expenses are paid as long as any further recovery of such expenses is precluded, and where, as here, the recovery has been allowed, there may be no further action against the appellant for such damages. A further recovery therefore being precluded, no reversible error on this question is presented.

In challenging the first Conclusion of Law the appellant asserts that the Findings of Fact do not support this conclusion, since there is no finding of knowledge, negligence, or proximate cause. Reading the Findings of Fact as a whole, we can not agree with the first two of appellant's contentions. However, on the question that there is no Finding of Fact that the negligence of the defendant was the proximate cause of the plaintiff's injury, the appellant cites the case of *Evansville Veneer & Lumber Co.* v. *Claybon* (1947), 117 Ind. App. 499, 73 N. E. 2d 698, in which case this court specifically held the proximate cause is an issue of fact and requires such a finding to be made. However, the Claybon case, *supra*, was decided in 1947, prior to the adoption by our Supreme Court of Rule 2-30, which is as follows:

"Rule 2-30. Special Findings of Fact on Appeal. When special findings of fact are made in an action tried by the court without a jury and the court fails to find on some material issue of fact, on appeal from the judgment the reviewing court may either affirm the judgment if it is supported by undisputed evidence, or vacate the judgment and remand the action for findings on the material issues of fact."

The instant case falls within the purview of Rule 2-30, and therefore does not require reversal for this reason.

Conclusions of Law No. 2 and No. 3 are not necessary, and they may be disregarded whether they be viewed as ultimate facts improperly cast among the Conclusions of Law, or conclusions of law unsupported by the Findings of Fact.

" '. . . While it is proper to include the detailed legal conclusions applicable to the facts as found, it is sufficient to set forth one conclusion "The ■ law is with the plaintiff (or, defendant)", and if this conclusion is included, others will be regarded as surplusage. . . .' Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, ch. 25, §1733, p. 356." *Smith* v. *Smith et al.* (1953), 124 Ind. App. 343, 348, 115 N. E. 2d 217.

Judgment affirmed.

Myers, C. J., Ax, and Cooper, JJ., concur.

NOTE.—Reported in 167 N. E. 2d 487. Transfer denied. Landis, C. J., in which Jackson, J., dissents.