SINGER ET AL. *v.* NOE, EXECUTOR OF THE ESTATE OF
IDA NOE ET AL.

[No. 168A8. Filed July 30, 1968. Rehearing denied August 20, 1968.
Transfer denied November 6, 1968.]

*Eugene D. Tyler*, of Hammond, for appellants.

*Harold Abrahamson, Paul K. Gaines*, and *Charles Levin*, of Hammond, for appellees.

PFAFF, J.—This is an action commenced by the appellee, Martin Noe, as Executor of the Estate of Ida Noe, deceased, Martin Noe, individually, Ned Noe, Leo Noe and Rose Weinraub, all individually and as heirs of the estate of Ida Noe, deceased, on behalf of themselves and others similarly situated, for the removal of Sandor Singer as Trustee of a certain trust, for the appointment of a new trustee, and to set aside a conveyance of certain real estate.

In 1927, Sandor Singer, Max Schneider, William C. Rose, Frank Bernat, Alexander J. Marko, Eugene Brown and Morris Noe entered into an agreement to purchase a certain twenty-seven acre tract of land in Lake County, Indiana. The agreement provided, however, that "for the purpose of more conveniently handling and managing said property the title to the same shall be placed in the name of Sandor Singer, Trustee . . ." The agreement further provided as follows:

"It is also agreed that the said Sandor Singer, as Trustee shall not arbitrarily and without the consent of the parties hereto sell said real estate, but that in case of an offer to purchase said real estate by any purchaser, then the said Sandor Singer shall consult the other parties hereto as to the advisability of selling said real estate for the price and on the terms offered, and should any of the parties hereto desire to sell said real estate at the price and on the terms offered, then said real estate shall be sold at such price and on such terms, unless some of the parties hereto shall object to such sale, and in case such party shall object then the said real estate shall not be sold for said price and on said terms, but the said party so objecting shall, upon making said objection, offer to purchase all of the interests of the parties desiring to sell at said price and on said terms offered by said purchaser, and if said party so objecting neglects, fails or refuses to pay said party so desiring to sell his portion of the purchase price at which said real estate is to be sold, then such party so objecting shall by that act or failure, neglect and refusal waive the objection to sell said real estate at the price and on the terms offered, and that said party so selling give to the other parties hereto a quit claim deed as to all of his interest in the real estate so offered for sale. The said purchase of interest of the said party so desiring to sell at the price offered shall be completed and interest paid in cash, within ten (10) days after said objection to said sale. If not so paid, then his objections are waived and a sale and transfer by the Trustee shall be binding upon him as fully, truly and effectually as though he had executed his deed therefor; that failure to make an objection to such sale within twenty-four (24) hours after notice is given of the offer of purchase, or the desire to sell at the price and terms, shall also waive any objection to said sale, and any person so notified shall waive any objection to said sale, . . ."

Subsequently, all of the real estate comprising the corpus of the aforementioned trust was foreclosed except a 6.27 acre tract involved in this suit.

On June 18, 1935, the City of Hammond, Indiana, condemned the tract of real estate in question and took an easement to said tract for use as a park. The land interest involved in this cause is a possibility of reverter following the easement to the City of Hammond.

On June 8, 1964, Sandor Singer, as trustee, conveyed the 6.27 acre tract to his son, Leo Singer, for a consideration of $500.00. Such deed was recorded in the office of the Recorder of Lake County, Indiana, June 23, 1964. On July 29, 1964, another deed was executed by Sandor Singer, again conveying the property to his son Leo for the same consideration. This deed was recorded in the office of the Recorder of Lake County, Indiana, on August 28, 1964.

Appellees brought this action alleging that Sandor Singer was ill and incapacitated; that the conveyances were not made in accordance with the terms and conditions of the trust agreement; and asking that the conveyances be set aside and a new trustee appointed. Prior to the date of trial Sandor Singer died.

The cause was tried to the court on the complaint of the appellees and the answers of the appellants. The court found for the appellees on their complaint, and rendered judgment that the conveyance of 6.27 acres by Sandor Singer, as trustee, to his son, Leo Singer, was without adequate consideration and in violation of the trust agreement and therefore void. Such deed was set aside and the court appointed the Calumet National Bank of Hammond, Hammond, Indiana, as successor trustee.

Appellants filed their motion for a new trial alleging (1) that the decision of the court is not sustained by sufficient evidence and (2) the decision is contrary to law. Such motion was overruled and this appeal followed. Appellants' assignment of error is the overruling of the motion for new trial.

The sole question in this appeal is whether the evidence, which was all stipulated by the parties and uncontradicted, sustains the findings of the trial court which held the deed from the partner-trustee, Sandor Singer, to his son, Leo Singer, should be set aside for the following reasons:

1. The deed was without adequate consideration; and

2. The conveyance was in violation of the trust agreement and therefore void.

"It is a well settled principle of law sustained by the authorities, that a trustee must in all events exercise reasonable care, skill, diligence, and prudence, in the management and control of the trust property, and in dealings connected therewith." *Old First Natl. Bank & Trust Co. v. Snouffer* (1934), 99 Ind. App. 325, 330, 192 N. E. 369.

See also *Robinson v. Elston Bank & Trust Co.* (1943), 113 Ind. App. 633, 48 N. E. 2d 181, 49 N. E. 2d 348 (Transfer denied) ; 28 I.L.E., *Trusts,* § 132, pp. 589, 590.

In the case at bar the trust agreement provided that the "Trustee shall not arbitrarily and without the consent of the parties hereto sell said real estate, but that in case of an offer to purchase said real estate by any purchaser, then the said Sandor Singer shall consult the other parties hereto . . .; that failure to make an objection to such sale within twenty-four (24) hours after notice is given of the offer of purchase, or the desire to sell at the price and terms, shall also waive any objection to said sale . . ."

The evidence discloses that notices of said intention to sell the 6.27 acre tract part of the trust res were delivered by registered mail to Helen Brown, Morris Noe, Ned Noe, William C. Rose, Mary Lombarde, Steve Brown, Frank Brown and Elsie Schneider on July 27, 1964. The notices addressed to Alexander J. Marko and Frank Bernat were returned marked "unknown". The notice delivered to Martin Noe was delivered on July 29, 1964. The evidence also established that the deed from the trustee, Sandor Singer, to Leo Singer was dated July 29, 1964. On the date of the conveyance all of the original parties to the agreement were deceased with the exception of William C. Rose and Sandor Singer, and the interested parties were either heirs or assignees of the original parties.

At the trial of this cause appellants made a request for two admissions of facts from each of the appellees, the first of which was: "Did you within ten days after receipt of the notice make any objection to the sale?" Each of the appellees admitted that they had not. Appellants also requested appellees to answer the following question: "Did you within ten days of receipt of the notice or at any time subsequent, offer to purchase said real estate at a price of $500.00 or more?" The answer of all plaintiffs was "No".

The admissions of such facts establish that the appellees did not comply with the objection provisions of the agreement. Under the agreement, the appellees waived their right to object.

We are of the opinion that the trustee, Sandor Singer, under the circumstances of this case, exercised care, skill and diligence in performing the powers imposed on him by the trust agreement and in accordance with the provisions thereof.

Based on the authorities cited above and the reasons stated herein, the judgment in this cause is reversed with instructions to grant appellants' motion for a new trial.

Cook, P.J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 238 N. E. 2d 678.