Babette FLEISCHER and Jerome
Fleischer, Appellants
(Plaintiffs below),

v.

HEBREW ORTHODOX CONGREGA-
TION, Appellee (Defendant below).

No. 71A03–8606–CV–156.

Supreme Court of Indiana.

May 23, 1989.

Thomas H. Singer, South Bend, for ap-
pellants.

Robert J. Konopa, South Bend, for appel-
lee.

ON PETITION TO TRANSFER

PER CURIAM

Petition to transfer denied.

PIVARNIK, Judge, dissenting.

I dissent to denial of transfer. Action
was brought by Babette and Jerome
Fleischer due to injuries Babette Fleischer
received while attending a religious service
at the Hebrew Orthodox Congregation
(hereinafter Congregation). A Congrega-
tion member tripped on a "gather" in a
plastic runner and fell against Babette
Fleischer, causing her to receive personal
injuries. She brought action against the
Congregation in the St. Joseph Superior
Court. After the trial court granted sum-
mary judgment for the Congregation, the
Fleischers appealed. The court of appeals
held that the public invitee test was the
proper guide for determining whether a
person was an invitee entitled to recover
for injuries caused by negligent mainte-
nance of premises; that a woman who was
in the synagogue for the purpose of attend-
ing service was a public invitee when she
was injured such that the Congregation
owed her a duty to use reasonable care to
keep the synagogue safe for her; and that
therefore a general issue of material fact
existed as to whether the Congregation
was negligent in failing to maintain a plas-
tic runner so as to preclude summary judg-
ment. *Fleischer v. Hebrew Orthodox Con-
gregation* (1987), Ind., 504 N.E.2d 320
(Hoffman, J., dissenting).

Petition to transfer is brought by the
Hebrew Orthodox Congregation, claiming
the court of appeals erroneously found Ba-
bette Fleischer was an invitee to whom the
Congregation owed a duty to use reason-
able care to keep the synagogue safe for
her. I agree with the Congregation's posi-
tion on this issue and would accordingly
vacate the opinion of the court of appeals
and affirm the trial court.

The facts show that on February 26,
1983, the feast of Purim was being cele-
brated at the Hebrew Orthodox Congrega-
tion in South Bend, Indiana. The Fleisch-
ers were members of the Congregation and
were attending services on that day. Mem-
bers of the Congregation were required to
pay dues which were assessed annually on
their ability to pay. The Fleischers, like all
members, were encouraged to attend ser-
vices at the Congregation and they did so
once every week. People were alerted by
leaders of the Congregation to the days
when services would be held and at times
Rabbi Gettinger would go outside the Con-
gregation to get someone to come in so
that the Congregation would have a quo-
rum of Jews to hold services.

The sole issue presented to us on this
transfer petition is whether Babette
Fleischer was an invitee to whom the Con-
gregation owed a duty to use reasonable
care to keep the synagogue safe. Though
other issues may appear apparent, such as
liability of one member to another in an
unincorporated association relationship,
those issues have not been presented either
factually or legally.

The issue presented concerns the law in
Indiana with reference to the duty of care
owed by an owner or occupier of land to
one coming upon the premises. This liabili-
ty depends largely upon the relationship
between them. *Fort Wayne National
Bank v. Doctor* (1971), 149 Ind.App. 365,
370, 272 N.E.2d 876, 880, *trans. denied.*
The Fleischers acknowledged that invitees

or business visitors may recover for injuries caused by the negligent maintenance of the premises whereas those who enter for their own convenience, curiosity or entertainment are licensees and cannot recover for such negligent maintenance. An owner or occupier of land owes to a licensee only the duty not to willfully or wantonly injure him.

The Fleischers' argument is based on the definition of invitee status set out in Restatement, Second, Torts § 332:

(1) An invitee is either a public invitee or a business visitor.

(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for the purpose for which the land is held open to the public.

(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

Indiana has adopted definition (3) of § 332 as set out above. The effect of the court of appeals opinion is to adopt definition (2) to define Mrs. Fleischer as a public invitee thereby placing upon the Congregation a duty to use reasonable care to keep the synagogue safe for her. I agree with Judge Hoffman in his dissent wherein he finds this to be a drastic change in the traditional basis for occupier liability. Judge Hoffman stated in his dissent:

For virtually all of the 20th Century the rule has been that the more demanding duty to use reasonable care only adhered when an occupier invited others onto his property in furtherance of his pecuniary interest. *See, e.g., Cleveland, etc., R. Co. v. Means* (1914), 59 Ind.App. 383, 104 N.E. 785. This rule provided a logical, common sense basis for premises liability by relating the need for the occupier to incur additional expense and effort to the occupier's business interest.

*Fleischer*, 504 N.E.2d at 324. I see no reason for adopting the new public invitee test to broaden premises liability and abandon the long established and sound principle that the duty to use reasonable care is related to the owner or occupant's pecuniary interest or advantage.

I further do not agree with the court of appeal's statement that "[m]ore recent cases have broadened the business invitee test itself to require merely that the visitor's purpose be *related to* the owner or occupant's pecuniary interest or advantage." *Fleischer*, 504 N.E.2d at 323 (emphasis in original). The duty has always been related to this fact situation. The term "business interest or benefit" to the owner or occupant referred to the pecuniary interest of the owner or occupant since the purpose of the operation of a business is to make a profit on the transactions with those invited for that purpose. Therefore the use of the term "business interest or benefit" expressed the same meaning as pecuniary interest or benefit.

This was indicated in *Howe v. Ohmart* (1893), 7 Ind.App. 32, 33 N.E. 466, when the court of appeals held a college was required to use reasonable care and keep its premises in a reasonably safe condition for all who visited the building for the purpose of transacting the ordinary business there. Clearly, the court considered the college had a business interest in its endeavors since it charged people for the services it provided.

In *New York, Chicago and St. Louis R.R. Co. v. Mushrush* (1894), 11 Ind.App. 192, 37 N.E. 954, *reh. denied*, 11 Ind.App. 198, 38 N.E. 871, the court found that a railroad owed a duty of reasonable care to keep its station platform safe for its passengers as well as those who come to the station to accompany and assist the actual passengers in their coming to and leaving the station premises. A railroad providing passenger service is in a business for which it charges and it invites customers to come there for that purpose. The court logically found that it also invites in the same manner those who accompany passengers to assist them. This has always been the common practice in railroad stations, and is today in airline terminals certainly recognized by railroads and airlines as an integral part of their business endeavor.

The same can be said of *Hickey v. Shoemaker* (1960), 132 Ind.App. 136, 167 N.E.2d 487, *trans. denied,* where the court held that a plaintiff, who entered a funeral home to view the body of a friend, was an invitee. Funeral homes also run a business in which they charge for their services. An important part of that service is for the paying customer to have friends and relatives of the deceased view the body and pay their respects to the family. This was expressed by the court of appeals:

> The nature of a funeral home is such that it is evident people do come to view the bodies of their deceased relatives and friends, and those so entering do so in accordance and design with the nature of such establishment. This is one of its intended uses, and the owner acquiesces in such use.

*Hickey,* 132 Ind.App. at 142, 167 N.E.2d at 489. This was consistent with the court finding that the invitees in *Hickey v. Shoemaker* were there at the invitation of the owner because it promoted his business interests. This has continued to be the rule unchanged in its rationale to the present day. *Hammond v. Allegretti* (1974), 262 Ind. 82, 311 N.E.2d 821; *J.C. Penney Co. v. Wesolek* (1984), Ind.App., 461 N.E.2d 1149; *Mullins v. Easton* (1978), 176 Ind.App. 590, 376 N.E.2d 1178, *trans. denied.*

In *Hammond v. Allegretti, supra,* Justice Hunter gave a lengthy analysis of the formulation of the business invitee rationale finding it was formulated by the English Court of Common Pleas in the case of *Indermaur v. Dames* (1866), L.R. 1, C.P. 274, 35 L.J.C.P. 184, aff'd L.R. 2, C.P. 311, 36 L.J.C.P. 181. The Court found in *Hammond* that the law has been well established by this Court and by the court of appeals that a business landowner owes a duty of ordinary care to maintain business premises in a reasonably safe condition. This duty is placed on the business owner or occupier by reason of the enticement, allurement or inducement it put out in inviting persons to come on the property for the purpose of making purchases of the services offered on the business premises. Where no such business interest is involved

in the invitation, a lesser duty is imposed. The one invited becomes a licensee and has owed to him by the owner or occupier only the duty not to willfully or wantonly injure him. Clearly the Hebrew Congregation did not invite the the Fleischers for business or pecuniary purposes. The trial court properly entered summary judgment.

I would grant transfer and affirm the trial court.

GIVAN, J., concurs.