SHEPARD, Chief Justice,
concurring in result.
Given the regularity with which this Court expresses its faith in the judgment of juries, I am surprised that my colleagues hold today that on a crucial issue submitted for jury decision one side may provide evidence but the other side may not.
The Court's explanation about the seope of a tortfeasor's potential responsibility for the costs necessitated by his actions seems straightforward and correct. And, the notion that a claimant has the burden to provide proof that medical specials reflect reasonable and necessary treatment expenses is hornbook law.
What is not hornbook law is the rule announced about how this issue may be litigated before the jury. The claimant may satisfy the burden of proof simply by tendering medical bills in accordance with Evidence Rule 413. The responding party is barred from challenging whether these bills do in fact reflect reasonable and necessary treatment, the very thing the jury will be called upon to decide.
This is not the sort of jury trial Justice Boehm described for a unanimous Court:
In order to recover an award of damages for medical expenses, the party seeking to recover these damages must prove that the expenses were both reasonable and necessary. Smith v. Syd's, *605 Inc., 598 N.E.2d 1065, 1066 (Ind.1992). This was traditionally proven by expert testimony. The purpose of Rule 413 is to provide a simpler method of proving amount of medical expenses when there is no substantial issue that they are reasonable and were caused by the tort. If there is a dispute, of course the party opposing them may offer evidence to the contrary, including expert opinion.
Cook v. Whitsell-Sherman, 796 N.E.2d 271, 277 (Ind.2003).
Most of the time, when medical treatment is provided by mainstream practitioners, there will be little tussle over whether the care was reasonable and nee-essary and the practical effect of prohibiting a party from tendering probative evidence to the jury will not likely lead to an unjust verdiet. Because I am not persuaded that the prohibition worked an injustice in this instance, I join in affirming the outcome. But the breadth of today's ruling will lead future judges and juries to work injustices at the very moment when judgment is most needed to hold to account providers at the edge of reasonably necessary treatment, or beyond it. Today's "Sibbing rule" insulates sharp practices from serutiny, which is why I decline to join in.